1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
CATHERINE A. CONWAY (SBN 98366)
2  GREGORY W. KNOPP (SBN 237615)
GARY M. McLAUGHLIN (SBN 217832)
3  cconway@akingump.com
gknopp@akingump.com
4  gmclaughlin@akingump.com
2029 Century Park East, Suite 2400
5  Los Angeles, California 90067-3012
Telephone:    310-229-1000
6  Facsimile:     310-229-1001

7  Attorneys for Defendant Michaels Stores, Inc.

8

ORIGINAL
FILED

AUG - 9 2011

RICHARD W. WIEKING
NORTHERN DISTRICT OF CALIFORNIA

LB

9                    UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

**CV  11  3908**

11  ANITA C. RAGANO, individually
and on behalf of all others similarly
12  situated,

13                    Plaintiff,

14        vs.

15  MICHAELS STORES, INC., and
DOES 1 through 100, inclusive,
16

17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No. ___

**DEFENDANT MICHAELS
STORES, INC.'S NOTICE OF
REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§
1332(D)(2), 1441, 1446, AND 1453;
SUPPORTING DECLARATIONS
OF GREGORY KNOPP AND
MICHAEL STINE**

[Notice of Interested Entities Or
Persons, Notice of Related Cases, Civil
Cover Sheet, Filed Concurrently]

**(SUPERIOR COURT OF
CALIFORNIA, SAN MATEO
COUNTY, CASE NO. CIV 506818)**

---
NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Michaels Stores, Inc. ("Defendant") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.  In support thereof, Defendant states as follows:

1.     On July 5, 2011, a putative class action was commenced and is currently pending against Defendant in the Superior Court of California, County of San Mateo, as Case No. CIV 506818, entitled *Anita C. Ragano, individually and on behalf of all others similarly situated, Plaintiff, v. Michaels Stores Inc., Defendant*.  On July 11, 2011, Defendant was served with the Complaint.  *See* Declaration of Gregory Knopp in Support of  Defendant's Notice of Removal of Action ("Knopp Dec.") ¶ 4, Ex. I. Attached as **Exhibits A, B, C, D, E, F, and G** to the Knopp Declaration are true and correct copies of the Summons, Civil Case Cover Sheet, Plaintiff Anita Ragano's ("Plaintiff") Class Action Complaint, Notice of Case Management Conference, Superior Court ADR information sheet and packet, Notice of Complex Case Status Conference, Certificate re: Complex Case Designation, respectively, all of which have been served by Plaintiff in this action. *Id.* ¶ 2.  There have been no further proceedings in this case and no other pleadings have been served upon Plaintiff or Defendant in this action.  *Id.* ¶ 3, Ex. H.

2.     Plaintiff alleges that she was, during the relevant time period identified herein, employed by Defendant and asserts claims for failure to pay wages and overtime pay, failure to provide meal and rest breaks, failure to provide accurate itemized wage statements, and violation of California's unfair competition laws. *See* Complaint ¶¶  28-60.  Plaintiff purports to bring these claims on behalf of a putative class consisting of "[a]ll persons who are and/or were employed as non-exempt retail employees by Michaels Stores, Inc. in one or more of Michaels' California retail stores between July 5, 2007 and the present."  Complaint ¶ 22.

1

201288671 v2

3.     Defendant's Notice of Removal is timely because it was filed within thirty (30) days of July 11, 2010, the date on which the Complaint and Summons were served on Defendants. *See* Knopp Dec. ¶ 4, Ex. I.; 28 U.S.C. § 1446(b).

4.     Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." Because the above-described action is a civil action of which this Court has original jurisdiction, for the reasons set forth below, it may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

5.     **Diversity Jurisdiction**.  This Court has diversity jurisdiction over Plaintiff's action.  Pursuant to the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5), and (d)(6).

6.     **Class Size**.  If Plaintiff's class allegations are established, the class will exceed 100 members. *See* Complaint ¶ 22 (defining class as consisting of Defendant's non-exempt retail employees from July 5, 2007 to the present); Declaration of Michael Stine in Support of Notice of Removal of Action ("Stine Dec.") ¶ 6.

7.     **Diversity of Citizenship**.  At all relevant times, there has been diversity of citizenship between the parties to the action.

8.     Defendant is informed and believes that Plaintiff was at the time this action was commenced, and continues to be, a citizen and resident of the State of California. *See* Complaint ¶¶ 1, 12.

9.     Defendant is not a citizen of the State of California.  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Defendant has not been incorporated in California. *See* Stine Dec. ¶ 9.  Rather, at the time this action was commenced, Defendant was organized and incorporated under the laws of Delaware.

1   *Id.* Nor is California the state in which Defendant has its principal place of business.

2   Rather, as shown below, Defendant's principal place of business is located in Texas.

3          10.    The Supreme Court has explained that a court should apply what had been

4   formerly referred to by Courts of Appeals as the "nerve center" test to identify the state

5   in which the majority of the corporation's executive and administrative functions are

6   performed. *See Hertz Corp. v. Friend*, 130 S.Ct 1181, 1192 (2010). Under the "nerve

7   center" test, the principal place of business is the state where 'a corporation's officers

8   direct, control, and coordinate the corporation's activities." *Id.* The Supreme Court

9   further explained in *Hertz* that a corporation's nerve center "should normally be the

10   place where the corporation maintains its headquarters" and that a corporation's nerve

11   center is a "single place." *Id* at 1193.

12          11.    The executive officers of Defendant, including the chief executive officer,

13   chief financial officer, executive vice-presidents, and general counsel, maintain their

14   offices at Michaels' headquarters in Irving, Texas. Stine Dec. ¶ 3. Also, the executive

15   vice-president of stores with overall responsibility for the operation of Michaels stores

16   nationwide, including all of its California stores, resides and maintains his office in

17   Texas. *Id.* From its headquarters in Texas, the company makes and implements

18   company-wide operating, financial, employee relations, marketing, development,

19   customer care, accounting, income tax, treasury, and legal policy decisions. *Id.* at ¶ 4.

20   In addition, the majority of Defendant's board meetings occur in Texas, Defendant's

21   financial records are maintained in Texas, and Defendant's tax returns are filed from

22   Texas. *Id.* at ¶ 5. Because Defendant's executive and administrative functions clearly

23   are concentrated in Texas, where the company's headquarters are located, under the

24   "nerve center" test, Texas is Defendant's principal place of business. *See Hertz,* 130

25   S.Ct at 1192 (corporate nerve center is the state where the corporation is headquartered

26   and its officers direct, control, and coordinate its activities).

27

28

3

201288671 v2

12.   **Amount in Controversy**.  Defendant avers, for purposes of this Notice only, that if Plaintiff prevailed on the claims asserted in this action, the requested monetary recovery would exceed five million dollars.[1]

13.   As part of his Second Cause of Action, Plaintiff alleges that Defendant owes penalties for having failed to pay wages to employees upon the end of their employment, as required by Section 203 of the California Labor Code. *See* Complaint ¶¶ 42-43 & p. 14 [Prayer at ¶ 6].  Under Section 203, former employees whom an employer willfully denied wages may recover penalties in the amount of their daily rate for a period of up to thirty days. *See* Cal. Lab. Code § 203.

14.   The class of individuals whom Plaintiff claims are entitled to penalties under Section 203 consists of former hourly employees in California. *See* Complaint ¶¶ 22, 42.  Although a claim for Section 203 penalties is subject to a three-year statute of limitations[2], for purposes of removal, Defendant assumes that the class period dates back only to December 15, 2009.  On that date, the court denied the plaintiff's motion for class certification in *McLeod v. Michaels Stores, Inc.*, CV 09-3491-GHK (PLAx) (C.D. Cal.), an action in which the plaintiff sought to certify a class alleging the same claims against Defendant as alleged in this action on behalf of a class of all of Defendant's non-exempt retail employees in California.

15.   The class of former employees whom Plaintiff claims is entitled to penalties under Section 203 includes at least 430 individuals who worked as full-time employees since December 15, 2009. *See* Stine Dec. ¶ 6.[3]  These individuals earned at least $10.00 per hour on average. *Id.* ¶ 7  Because they typically worked no fewer than

---

[1] Defendant denies that any of Plaintiff's claims have merit.

[2] Labor Code section 203 states that suit may be filed for waiting time penalties "at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."  Cal. Lab. Code § 203.  A statutory claim for wages is subject to a three-year statute of limitations. *See* Cal. Civ. Proc. Code § 338(a).

[3] A defendant may make the requisite showing by setting forth additional facts in the notice of removal or by affidavit. *See Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

six hours per work day, their average daily rate of pay was at least $60.00 each. *See id.* Accordingly, for the average former full-time employee, a 30-day penalty would be at least $1,800. Therefore, with respect to the 430 or more former full-time employees in the putative class, the total penalties in controversy are at least $774,000.

16.   The putative class of persons allegedly entitled to Section 203 penalties also includes at least 5,917 individuals who worked as part-time employees since December 15, 2009 and who are no longer employed by Defendant. *See* Stine Dec. ¶ 6 These individuals earned at least $8.00 per hour on average. *Id.* ¶ 7 Because they typically worked no fewer than 3 hours per work day, their average daily rate of pay was at least $24.00 each. *See id.* Accordingly, for the average former part-time employee, a 30-day penalty would be at least $720. Therefore, with respect to the 5,917 or more former part-time employees in the putative class, the total penalties in controversy are at least $ 4,260,240.

17.   In short, without even considering Plaintiff's other claims, the amount in controversy is at least $5,034,240, which exceeds the jurisdictional threshold.

18.   **Venue**. The United States District Court for the Northern District of California is the judicial district embracing the place where Case No. CIV 506818 was filed by Plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendants request that the above action now pending against it in the Superior Court of California, County of San Mateo, be removed therefrom to this Court.

Dated: August 9, 2011

**AKIN GUMP STRAUSS HAUER &
FELD LLP**

By _____
Gregory W. Knopp
Attorneys for Defendant
MICHAELS STORES, INC.

NOTICE OF REMOVAL

201288671 v2

1

## DECLARATION OF GREGORY W. KNOPP

2

I, Gregory W. Knopp, certify and declare as follows:

3      1.      I am partner in the law firm of Akin Gump Strauss Hauer & Feld LLP,

4  counsel of record for defendant Michaels Stores, Inc. ("Defendant") in this action.  I

5  make this declaration based on my own personal knowledge, and if called as a witness,

6  could and would testify competently to the facts stated herein.  I submit this declaration

7  in support of Defendant's Notice of Removal of Action.

8      2.      Attached hereto as **Exhibits A, B, C, D, E, F, and G** are true and correct

9  copies of the Summons, Civil Case Cover Sheet, Plaintiff Anita Ragano's Class Action

10  Complaint, Notice of Case Management Conference, Superior Court ADR information

11  sheet and packet, Notice of Complex Case Status Conference, Certificate re: Complex

12  Case Designation, respectively, all of which have been served by the plaintiff in this

13  action.

14      3.      No further proceedings have been conducted in case number CIV 506818,

15  and no other pleadings have been filed or served upon Defendant or the plaintiff in this

16  action.  Attached hereto as **Exhibit H** is a docket report for case number CIV 506818

17  which may office ran on August 8, 2011.

18      4.      Attached hereto as **Exhibit I** is the Notice of Service of Process provided

19  to Defendant by its registered agent for service of process in California.

20      I declare under penalty of perjury under the laws of the United States that the

21  foregoing is true and correct.

22      Executed on August 9, 2011, at Los Angeles, California.

23

24

25  
Gregory W. Knopp

26

27

28

NOTICE OF REMOVAL

201288671 v2

  

FIRST LEGAL SUPPORT SERVICE

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MICHAELS STORES, INC., and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

ANITA C. RAGANO, individually and on behalf of all others similarly situated



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SAN MATEO COUNTY

JUL 5 - 2011

Clerk of the Superior Court
By _____
G. Lacey
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California County of San Mateo 400 County Center Redwood City, CA 94063-1655 | *(Número del Caso):* CIV 506818 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado. es):*
SCOTT COLE & ASSOCIATES, APC, 1970 Broadway, Ninth Floor, Oakland, CA 94612 (510) 891-9800

| DATE: *(Fecha)* JOHN C. FITTON | Clerk, by *(Secretaria)* G. LACEY | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Micheals Stores, Inc

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A - PAGE 7


FIRST LEGAL SUPPORT SERVICES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stephen Noel Ilg, Esq. (S.B. #275599)<br>SCOTT COLE & ASSOCIATES, APC<br>1970 Broadway, Ninth Floor<br>Oakland, CA 94612<br>  TELEPHONE NO.: (510) 891-9800   FAX NO.: (510) 891-7030<br>ATTORNEY FOR (Name): Representative Plaintiff Anita C. Ragano<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo<br>  STREET ADDRESS: County of San Mateo<br>  MAILING ADDRESS: 400 County Center<br>  CITY AND ZIP CODE: Redwood City, CA 94063-1655<br>  BRANCH NAME: | **(ENDORSED)**<br>**FILED**<br>SAN MATEO COUNTY<br><br>JUL 5 - 2011<br><br>Clerk of the Superior Court<br>By _____ G. Lacey<br>          DEPUTY CLERK |
| CASE NAME:<br>Ragano v. Michaels Stores, Inc. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CIV 5 0 6 8 1 8 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 5, 2011
Stephen Noel Ilg
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability (*not asbestos or
   toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil
   harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract (*not unlawful detainer
     or wrongful eviction*)
   Contract/Warranty Breach–Seller
     Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage (*not provisionally
   complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent
     domain, landlord/tenant, or
     foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex
   case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment (*non-
     domestic relations*)
   Sister State Judgment
   Administrative Agency Award
     (*not unpaid taxes*)
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
   above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-
     harassment*)
   Mechanics Lien
   Other Commercial Complaint
     Case (*non-tort/non-complex*)
   Other Civil Complaint
     (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified
   above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT B - PAGE 9



FAXED
FIRST LEGAL SUPPORT SERVICES

Scott Edward Cole, Esq. (S.B. # 160744)
Hannah R. Salassi, Esq. (S.B. #230117)
Stephen Noel Ilg, Esq. (S.B. #275599)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: hsalassi@scalaw.com
Email: silg@scalaw.com
Web:    www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

(ENDORSED)
**FILED**
SAN MATEO COUNTY

JUL 5 - 2011

Clerk of the Superior Court
G. Lacey
By _____
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

**CIV 5 0 6 8 1 8**

|  |  |
|---|---|
| ANITA C. RAGANO, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiffs | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION** |
| MICHAELS STORES, INC., and DOES 1 through 100, inclusive, | [Jury Trial Demanded] |
| Defendants. | |

Representative Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1.     This is a class action seeking unpaid wages, including meal and rest period compensation, interest thereon, and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1197 and/or 1198, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. Plaintiff Anita C. Ragano ("Plaintiff") brings this action on behalf of herself and all other persons similarly situated ("Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

EXHIBIT C - PAGE 10

1   Members" and/or the "Plaintiff Class") who are or have been employed by Defendant Michaels

2   Stores, Inc. and/or Does 1 through 100, inclusive (collectively "Defendant" and/or "Michaels") as

3   non-exempt retail store employees within the State of California at any time after July 5, 2007.

4      2.  Specifically, Plaintiff represents (1) non-exempt retail employees who were required,

5   as a result of security searches or otherwise, to remain at work, under the control of Michaels, after

6   completion of these workers' ordinary duties, for which they were not compensated, and/or (2) all

7   non-exempt retail employees unlawfully denied full meal and/or rest periods and who were not

8   compensated therefor.

9      3.  The "Class Period" is designated as the time from July 5, 2007 through the date of

10  trial and is based upon the allegation that Defendant's violations of California's wage and hour laws,

11  as described more fully below, have been ongoing during that time.

12     4.  During the Class Period, Defendant has had a consistent policy of, *inter alia*, (1)

13  requiring its non-exempt retail store employees, including Plaintiff and Class Members, to remain at

14  work, under the control of Michaels, after completion of these workers' ordinary duties, without

15  paying these employees' wages (including overtime wages) for all compensable time, (2) requiring

16  its non-exempt retail store employees, including Plaintiff and Class Members, to submit to

17  mandatory security checks of their persons and/or belongings without paying them compensation

18  (including unpaid overtime and/or compensation for working through paid and/or unpaid meal

19  and/or rest periods), (3) willfully failing to pay compensation owing in a prompt and timely manner

20  to Plaintiff and/or Class Members whose employment with Michaels was terminated, (4) willfully

21  failing to provide Plaintiff and Class Members with accurate semimonthly itemized statements of the

22  total number of hours each of them worked, the applicable deductions and the applicable hourly rates

23  in effect during the applicable pay period, and (5) willfully failing to provide meal periods and/or

24  rest periods to Plaintiff and/or Class Members.

25

26              **INTRODUCTION**

27     5.  Plaintiff is informed and believes and, based thereon, alleges that, within the Class

28  Period, Defendant Michaels operated at least 130 retail establishments across the State of California.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

EXHIBIT C - PAGE 11

1    In doing so, Michaels has employed thousands of individuals as non-exempt retail employees in

2    recent years alone to work at locations within the State of California, employment positions which

3    enjoy an entitlement to full, uninterrupted and statutorily-mandated meal and rest periods, as well as

4    other benefits of employment as set forth herein.

5        6.    Despite actual knowledge of these facts and legal mandates, Michaels has and

6    continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by

7    electing not to sufficiently offer meal and rest periods to its California non-exempt retail employees,

8    by not providing them all regular and/or overtime pay (as a result thereof) when due and/or when

9    certain Class Members' employment with Michaels terminated, and by willfully failing to provide

10   Plaintiff and Class Members with accurate semi-monthly itemized wage statements.

11       7.    Plaintiff is informed and believes and, based thereon, alleges that officers of Michaels

12   knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the

13   violation of the laws cited herein.

14       8.    Despite Michaels' knowledge of Plaintiff's and Class Members' entitlement to these

15   benefits of employment, Michaels failed to provide same, for all applicable work periods, in

16   violation of California state statutes, California Industrial Welfare Commission Wage Order No. 7,

17   and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-

18   time pattern of unlawful conduct.

19

20                          **JURISDICTION AND VENUE**

21       9.    This Court has jurisdiction over the Representative Plaintiff's and Class Members'

22   claims for unpaid wages, penalties and other forms of relief sought herein under, *inter alia*,

23   Industrial Welfare Commission Wage Order No. 7, Title 8 of the California Code of Regulations,

24   Labor Code §§ 201-204, inclusive, 226, 226.7, 510, 512, 1174, 1194 and/or 1198, and California

25   Code of Civil Procedure § 1021.5.

26       10.   This Court also has jurisdiction over the Representative Plaintiff's and Class

27   Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

EXHIBIT C - PAGE 12

1   unfair, unlawful and/or fraudulent business practices under California Business & Professions Code

2   § 17200, *et seq.*

3        11.    Venue as to Defendant is proper in this judicial district pursuant to California Code of

4   Civil Procedure § 395(a). Defendant Michaels maintains locations within San Mateo County,

5   transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of

6   service of process. The unlawful acts alleged herein have a direct effect on the Plaintiff and those

7   similarly situated within the State of California and County of San Mateo. Defendant operates

8   facilities and has employed numerous Class Members in the County of San Mateo, as well as within

9   other counties across the State of California.

10

11   **PLAINTIFF**

12        12.    Plaintiff is a natural person and was, during the relevant time period identified herein,

13   employed by Defendant Michaels as a non-exempt "Floor Manager" at several of Defendant's

14   California retail stores.

15        13.    At all times herein relevant, Plaintiff was and is now a person within the Class of

16   persons further described and defined herein.

17        14.    As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff

18   Class" refers to the named Plaintiff herein as well as each and every person eligible for membership

19   in the class of persons further described and defined herein.

20        15.    At all times herein relevant, Plaintiff is/was persons within the class(es) of persons

21   further described and defined herein.

22        16.    Plaintiff brings this action on behalf of herself and as a class action, pursuant to

23   California Code of Civil Procedure § 382, on behalf of all persons similarly situated and proximately

24   damaged by the unlawful conduct described herein.

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-4-
Complaint for Damages, Injunctive Relief, and Restitution

EXHIBIT C - PAGE 13

**DEFENDANTS**

17.   At all times herein relevant, Defendant Michaels Stores, Inc. was/is a corporation and/or other form of business entity, duly licensed, located and doing business in, but not limited to, the County of San Mateo, in the State of California.

18.   Plaintiff is informed and believes and, based thereon, alleges that Defendant Michaels directly or indirectly employs and, since July 5, 2007, has employed and/or exercised control over the wages, hours and working conditions of Plaintiff and Class Members within various California counties, including, but not limited to, the County of San Mateo.

19.   Those Defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein-mentioned, each of the defendants identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of Plaintiff and Class Members at various California locations, as identified in the preceding paragraph.

20.   Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these Defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants is/was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein-alleged and that Plaintiff's and Class Members' damages, as herein-alleged, were proximately caused thereby.

21.   Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein-mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

EXHIBIT C - PAGE 14

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and as a class action on behalf of the following Plaintiff Class:

*All persons who are and/or were employed as non-exempt retail employees by Michaels Stores, Inc., in one or more of Michaels' California retail stores between July 5, 2007 and the present.*

23. Defendants and their officers and directors are excluded from the Plaintiff Class.

24. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

    a.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as the Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds of individuals. Membership in the Class will be determined by and upon analysis of employee and payroll records, among other records maintained by Michaels.

    b.    <u>Commonality</u>: Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

    1)    Whether defendant Michaels violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal and/or rest periods to its non-exempt retail employees;

    2)    Whether defendant Michaels violated applicable IWC Wage Order(s) and/or California Labor Code § 510 by failing to pay all (including overtime) compensation to its non-exempt retail employees who worked in excess of forty hours per week and/or eight hours per day;

    3)    Whether defendant Michaels violated California Labor Code § 1174 by failing to keep accurate records of Plaintiff and Class Members' hours of work;

    4)    Whether defendant Michaels violated California Labor Code §§ 201-204 by failing to pay all wages due and owed during the pendency of employment and/or at the time of the termination of employment with Defendant of Plaintiff and/or Class Members;

    5)    Whether defendant Michaels violated California Labor Code § 226 by failing to provide Plaintiff and Class Members with semimonthly itemized statements including total hours worked and all applicable hourly rates in effect during the pay period; and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

EXHIBIT C - PAGE 15

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

6)    Whether Michaels violated Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices.

c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.    <u>Adequacy of Representation</u>: Plaintiff in this class action is an adequate representative of the Plaintiff Class in that Plaintiff's claims are typical of those of the Plaintiff Class and the Plaintiff has the same interest in the litigation of this case as the Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in conducting litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. Plaintiff anticipates no management difficulties in this litigation.

e.    <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

25.    Defendant Michaels has, for years, knowingly failed to properly compensate Plaintiff and the Plaintiff Class for all wages earned and due (including, but not necessarily limited to, overtime wages and/or compensation for missed meal and/or rest periods). Moreover, Defendant has failed to provide Plaintiff and the Plaintiff Class with net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods of at least 30 minutes for work shifts exceeding five hours. Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201-204, inclusive. More than 30 days have passed since certain Class Members have left Defendant's employ.

EXHIBIT C - PAGE 16

26.     Defendant also failed to provide Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during each pay period, in violation of California Labor Code § 226. In doing so, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (e.g., the full number of hours worked) and financial impact of its wrongdoing.

27.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, as described above; including loss of earnings for uncompensated hours worked, missed meal periods, and missed rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover penalties/wages (pursuant to California Labor Code §§ 201-204) for failure to provide semimonthly itemized wage statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are also entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7 and 512)

28.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

29.     At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

30.     California Labor Code §226.7 provides:

(a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Complaint for Damages, Injunctive Relief, and Restitution

EXHIBIT C - PAGE 17

employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

31. Moreover, California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

32. By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Class Members, Defendant violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the IWC Wage Order No. 7.

33. Section 11 of this Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes ....

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes ....

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

34. Moreover, Section 12 of this Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

35. By failing to consistently provide (1) meal breaks within the first five hours of a work shift, (2) uninterrupted thirty-minute meal periods, and/or (3) ten-minute rest periods to Class Members, Defendant violated California Labor Code and IWC Wage Order provisions.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

EXHIBIT C - PAGE 18

36. Even where Defendant's records specifically illustrate that no meal and/or rest periods were provided to Plaintiff and Class Members, Michaels refuses to properly compensate these employees with one hour of compensation for these respective violations as mandated by California law.

37. Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

38. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

## SECOND CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY WAGES
(Violation of IWC Wage Order and Labor Code §§ 200-204, 510, 1194, and 1198)

39. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40. During the Class Period and continuing through the present, Plaintiff and Class Members performed work for Michaels, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours will be proven at trial.

41. During the Class Period, Defendant refused to compensate Plaintiff and Class Members for all of the wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

42. Moreover, during the Class Period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Michaels, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

EXHIBIT C - PAGE 19

1    therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal

2    to do so by Michaels.

3        43.    At all relevant times, Defendant was aware of, and was under a duty to comply with,

4    the wage (including overtime wage) provisions of the California Labor Code including, but not

5    limited to, California Labor Code §§ 200-204, 510, 1194 and 1198.

6        44.    California Labor Code § 510, in pertinent part, provides:

7            Any work in excess of eight hours in one workday and any work in excess of
             40 hours in any one workweek and the first eight hours worked on the
8            seventh day of work in any one workweek shall be compensated at the rate of
             no less than one and one-half times the regular rate of pay for an employee ...
9

10       45.    California Labor Code § 1194, in pertinent part, provides:

11           Notwithstanding any agreement to work for a lesser wage, any employee
             receiving less than the legal minimum wage or the legal overtime
12           compensation applicable to the employee is entitled to recover in a civil
             action the unpaid balance of the full amount of this minimum wage or
13           overtime compensation, including interest thereon, reasonable attorney's
             fees, and costs of suit.
14

15       46.    Finally, California Labor Code § 1198, in pertinent part, provides:

16           The maximum hours of work and the standard conditions of labor fixed by
             the commission shall be the maximum hours of work and the standard
17           conditions of labor for employees. The employment of any employee for
             longer hours than those fixed by the order or under conditions of labor
18           prohibited by the order is unlawful.

19       47.    Numerous Class Members were employed by Michaels during the class period and

20   were thereafter terminated or resigned from their positions, yet they were not paid all premium

21   (overtime) wages due upon said termination or within 72 hours of said resignation of employment

22   therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by

23   Michaels.

24       48.    More than thirty days have elapsed since certain Class Members were involuntarily

25   terminated or voluntarily resigned from Defendant's employ.

26       49.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

27   Plaintiff and the Plaintiff Class have sustained damages, including loss of earnings for hours of

28   overtime worked on behalf of Michaels, in an amount to be established at trial. As a further direct

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

EXHIBIT C - PAGE 20

1    and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Plaintiff

2    Class are entitled to recover penalties (including "waiting time" penalties of up to thirty days' wages,

3    pursuant to California Labor Code § 203) in amounts to be established at trial, as well as attorneys'

4    fees and costs, and restitution, pursuant to statute.

5

6                            **THIRD CAUSE OF ACTION**
     **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
7                    **(California Labor Code §§ 226 and 1174)**

8        50.    Plaintiff incorporates in this cause of action each and every allegation of the

9    preceding paragraphs, with the same force and effect as though fully set forth herein.

10       51.    California Labor Code § 226(a) provides:

11              Each employer shall semi-monthly, or at the time of each payment of wages,
                furnish each of his or her employees either as a detachable part of the check,
12              draft or voucher paying the employee's wages, or separately when wages are
                paid by personal check or cash, an itemized wage statement in writing
13              showing: (1) gross wages earned; (2) total number of hours worked by each
                employee whose compensation is based on an hourly wage; (3) all
14              deductions, provided that all deductions made on written orders of the
                employee may be aggregated and shown as one item; (4) net wages earned;
15              (5) the inclusive date of the period for which the employee is paid; (6) the
                name of the employee and his or her social security number; and (7) the name
16              and address of the legal entity which is the employer.

17       52.    Moreover, California Labor Code § 226(e) provides:

18              An employee suffering injury as a result of a knowing and intentional failure
                by an employer to comply with subdivision (a) is entitled to recover the
19              greater of all actual damages or fifty dollars ($50) for the initial pay period in
                which a violation occurs and one hundred dollars ($100) per employee for
20              each violation in a subsequent pay period, not exceeding an aggregate penalty
                of four thousand dollars ($4,000), and is entitled to an award of costs and
21              reasonable attorney's fees.

22       53.    Finally, California Labor Code § 1174(d) provides:

23              Every person employing labor in this state shall ... [k]eep, at a central
                location in the state ... payroll records showing the hours worked daily by and
24              the wages paid to ... employees .... These records shall be kept in accordance
                with rules established for this purpose by the commission, but in any case
25              shall be kept on file for not less than two years.

26       54.    Defendant has failed to provide timely, accurate itemized wage statements to the

27   Plaintiff and Class Members in accordance with California Labor Code § 226. Plaintiff is informed

28   and believes and, on that basis, alleges that none of the statements provided by Defendant accurately

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

EXHIBIT C - PAGE 21

1 | reflected actual gross wages earned, net wages earned, or the appropriate deductions for any Class

2 | Member.

3 |     55.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

4 | Plaintiff and the Plaintiff Class are entitled to recover penalties, in amounts to be established at trial,

5 | as well as attorneys' fees and costs, pursuant to statute.

### FOURTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
### (California Business & Professions Code §§ 17200-17208)

56.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

57.     Plaintiff further bring this cause of action seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

58.     Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

59.     Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage for Michaels, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

60.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-13-
Complaint for Damages, Injunctive Relief, and Restitution

EXHIBIT C - PAGE 22

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## RELIEF SOUGHT

**WHEREFORE**, the Representative Plaintiff, on behalf of herself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1.      That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses pursuant to California Code of Civil Procedure § 382;

2.      That the Court make an award to Plaintiff and Class Members of one hour of wages at each employee's regular rate of compensation for each meal period that was not provided;

3.      That the Court make an award to Plaintiff and Class Members of one hour of wages at each employee's regular rate of compensation for each workday that a rest period was not provided;

4.      That the Court declare, adjudge, and decree that Defendants violated the wage (including overtime wage) provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Plaintiff and Class Members;

5.      That the Court declare, adjudge, and decree that Plaintiff and Class Members were, at all times relevant herein, and are still, entitled to be paid overtime for work beyond eight hours in a day and forty hours in a week;

6.      That the Court make an award to the Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

7.      That the Court order Defendant to pay restitution to Plaintiff and Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

8.      That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

9.      For all other Orders, findings and determinations identified and sought in this Complaint;

10.     For interest on the amount of any and all economic losses at the prevailing legal rate;

EXHIBIT C - PAGE 23

1    11.    For reasonable attorneys' fees, pursuant to California Labor Code §§1194 and/or

2  California Code of Civil Procedure § 1021.5; and,

3    12.    For costs of suit and any and all other such relief as the Court deems just and proper.

4

5                              **JURY DEMAND**

6    Plaintiff and the Plaintiff Class hereby demand trial by jury of all issues triable as of right by

7  jury.

8

9  Dated: July 5, 2011

10                                     **SCOTT COLE & ASSOCIATES, APC**

11

12

13                          By:    _____
                                   Stephen Noel Ilg, Esq.
14                                 Attorneys for Representative Plaintiff and
                                   the Plaintiff Class
15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C - PAGE 24

(ENDORSED)

# NOTICE OF CASE MANAGEMENT CONFERENCE
SAN MATEO COUNTY

*Ragano*

JUL 5 - 2011

Clerk of the Superior Court

By ___G. Lacey___

DEPUTY CLERK

vs.

*Stores*

Case No. ___

**CIV 506818**

Date: *10-27-11*

Time: 9:00 a.m.

Dept. 21 on Tuesday & Thursday
Dept. – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of filing the complaint (CRC 201.7).
   b. **Serve a copy of this notice**, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. **File and serve a completed Case Management Statement at least 15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7 The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at
www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

**EXHIBIT D - PAGE 25**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                      FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO

STREET ADDRESS:  **400 COUNTY CENTER**

MAILING ADDRESS:  **400 COUNTY CENTER**

CITY AND ZIP CODE:  **REDWOOD CITY, CA 94063**

BRANCH NAME:  **SOUTHERN**

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                      Time:                      Dept.:                      Div.:                      Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT D - PAGE 26

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

EXHIBIT D - PAGE 27

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

EXHIBIT D - PAGE 28

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ► _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY)

_____     ► _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

EXHIBIT D - PAGE 29

# Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

- **Faster** – Traditional litigation can take years to complete but ADR usually takes weeks or months.

- **Cheaper** – Parties can save on attorneys' fees and litigation costs.

- **More control & flexibility** – Parties choose the ADR process most appropriate for their case.

- **Cooperative & less stressful** – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

- **You may go to Court anyway** – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

- **Not free** – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

- **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

- **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial.  For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

- **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

- **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

- **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date. For questions regarding settlement conferences, call (650) 599-1076.

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8  [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

◻ The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

◻ All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

◻ If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

◻ You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.
    o For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

◻ If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your **first** CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

◻ Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

◻ Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

◻ If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

---

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

---

**For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 599-1073/fax: (650) 599-1754**

Page 2 of 3

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

EXHIBIT E - PAGE 31

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

## What are the Advantages of Using Judicial Arbitration?

- ❑ *Free* - Parties do not have to pay for the arbitrator's fee.

- ❑ *Fast* - Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

- ❑ *Informal* - The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

- ❑ The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

- ❑ During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

- ❑ Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

- ❑ Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

  - ○ For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

- ❑ After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

- ❑ If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

- ❑ Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897**

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

EXHIBIT E - PAGE 32

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation         ☐ Binding Arbitration (private)
☐ Neutral Evaluation          ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**   ☐ Summary Jury Trial
☐ Other: _____

Case Type: _____

Neutral's name and telephone number: _____

Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)

Identify by name the parties to attend ADR session: _____

_____
ORIGINAL SIGNATURES

_____           _____
Type or print name of ☐Party without attorney        ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant    Attorney or Party without attorney

_____           _____
Type or print name of ☐Party without attorney        ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant    Attorney or Party without attorney

EXHIBIT E - PAGE 33

**STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION**

_____          _____
Type or print name of ☐Party without attorney          ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney


_____          _____
Type or print name of ☐Party without attorney          ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney


**IT IS SO ORDERED:**


DATE:          _____
          JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

EXHIBIT E - PAGE 34

Superior Court of California, County of San Mateo

## DIVISION II
## COURT MANAGEMENT - SUPERIOR COURT

## CHAPTER 1. FORM AND SERVICE OF PAPERS

Rule 2.0 Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

Rule 2.1 Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.2 Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1. Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

EXHIBIT E - PAGE 35

Superior Court of California, County of San Mateo

# CHAPTER 2. CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1. MANAGEMENT DUTIES

### Rule 2.2    Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

## PART 2. CASEFLOW MANAGEMENT

### Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes. For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)    Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed. The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

EXHIBIT E - PAGE 36

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

Div II - Rules                    202                    Revised 1/1/2009

EXHIBIT E - PAGE 37

(            (

Superior Court of California, County of San Mateo

(A)    Time to serve may be extended for good cause:  Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206,* within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona).  An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired.  The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance.  In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond.  The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)     Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

> (A)     An order referring the case to arbitration, mediation or other dispute resolution process;

> (B)     An order transferring the case to the limited jurisdiction of the superior court;

> (C)     An order assigning a trial date;

> (D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

> (E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

> (F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

> (G)     An order scheduling the exchange of expert witness information;

> (H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

> (I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

> (A)     Reference CRC, Rule 3.670

> (B)     Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

> (C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

EXHIBIT E - PAGE 39

Superior Court of California, County of San Mateo

(D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)     Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)     Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)     Stipulations to Arbitration

(1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)     It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*" Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)     Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

EXHIBIT E - PAGE 40

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first. In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator. (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

EXHIBIT E - PAGE 41

(           (

Superior Court of California, County of San Mateo

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)    Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1, 2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

## Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)    A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)    An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)    An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)    An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4  Settlement Conference

Reference: California Rule of Court, rule 3.138.

Superior Court of California, County of San Mateo

(a)    At all settlement conferences, notwithstanding any other Rule:

(1)    The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

(A)    A statement of facts.

(B)    The contentions of each party to the action regarding liability and damages.

(C)    An itemized list of special damages.

(D)    In any case in which personal injury is claimed:

(i)    A description of the nature and extent of any injury claimed, including residuals.

(ii)    A description of the basis for and method of calculation of any claimed wage loss.

(E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b)    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

EXHIBIT E - PAGE 43

(c) No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

(d) At all such conferences, the judge of the department to which the conference has been assigned shall first attempt to settle the case. If settlement discussions are inconclusive, the judge may adjourn the conference to a later date for further settlement discussions.

(e) Sanctions pursuant to CRC 2..30 shall be imposed for any violation of this rule. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996) (Amended, effective January 1, 2003)(Amended, effective July 1, 2005) (Amended, effective January 1, 2007) (Amended, effective January 1, 2009)

## PART 3. CALENDAR MANAGEMENT

Rule 2.5 Trial Date Settlement Conference

A further settlement conference shall be held on the date the case is called for trial in accordance with the procedures outlined in and with the attendance of those persons designated in Local Rule 2.4.

(Adopted, effective July 1, 1996)

Rule 2.6 Refund of Jury Fees: Duty to Notify Court

(Adopted, effective July 1, 1996) (REPEALED and Renumbered as Rule 2.7.6)

## CHAPTER 3. [RESERVED]

EXHIBIT E - PAGE 44

Superior Court of California, County of San Mateo

## CHAPTER 4.  JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

      (a)     Served on one trial until discharged.

      (b)     Been assigned on one day for jury selection until excused by the jury commissioner.

      (c)     Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

      (d)     Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

      (e)     Served one day on call.

      (f)     Served no more than 5 court days on telephone standby.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.7.1  Proposed Jury Instructions

(a)     Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)     The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case.  Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a CD or USB flash drive, also commonly referred to as a thumb drive, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006) (Amended, effective January 1, 2010)

Rule 2.7.3  Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055.  Any jury instructions requested after the conclusion of taking evidence shall be in writing.

Div II - Rules                             210                        Revised 1/1/2009

EXHIBIT E - PAGE 45

Superior Court of California, County of San Mateo

The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In "Booklet Format" the text of the instruction is printed continuously on the page and may result in several instructions to the page. Such instructions may be accompanied by a table of contents.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

Rule 2.7.4  Changing Jury Instructions

If, after the jury instruction conference and at any time before giving the instructions and verdict and findings forms to the jurors, the trial judge determines to make any substantive change therein, all parties should be so advised on the record outside the hearing of jurors.

(Adopted, effective January 1, 2000)

Rule 2.7.5  Jury Instruction Conference

Before final argument and after submission to the trial judge of all proposed jury instructions, verdict and findings forms, a conference outside the presence of jurors will be held. Ordinarily, a reporter or recorder is not required at the commencement of such conference.

In the event the trial judge intends to give any instructions or use any form of verdict or findings on the court's own motion, such instructions, verdicts or findings should be delivered to counsel.

The trial judge will then discuss with counsel:

(1)     Whether any requested proposed instructions, verdicts or findings are patently inappropriate and will be voluntarily withdrawn;

(2)     Whether there is any patent omission of instructions, verdicts or findings which are appropriate and that may be given without objection;

(3)     Whether there is any other modification, namely those to which the parties will stipulate.

Counsel shall meet prior to this conference to discuss each other's jury instructions and classify them into (1), (2) and (3) above.

The foregoing unreported conference will generally result in clarification of the matters, and creation of three categories of instructions, verdicts or findings that may be withdrawn, given or modified.

Thereafter, the conference should be reported and the trial judge should confirm for the record the matters agreed upon. The trial judge should also specify those instructions, verdicts and findings forms the court proposes to give, refuse or modify, whether at the request of a party or on the court's own motion. The court will hear any objections to the foregoing and rule thereon.

The trial judge should sign each requested instruction and indicate the disposition thereof, all of which shall be thereafter filed by the clerk. If a requested instruction is withdrawn, counsel shall so indicate by writing "withdrawn" and signing or initialing such instruction.

(Adopted, effective January 1, 2000)

EXHIBIT E - PAGE 46

Superior Court of California, County of San Mateo

## Rule 2.7.6 Refund of Jury Fees: Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5. GENERAL RULES

### Rule 2.8  Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

### Rule 2.9  Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set. No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

### Rule 2.10  Interpreters and Translators

a)        Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)        Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)        Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6. CIVIL TRIAL RULES

### Rule 2.20  Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:

(1)   Any in limine motions and response thereto;
(2)   Any trial briefs;
(3)   A concise non-argumentative statement of the case to be read to the jury; and

EXHIBIT E - PAGE 47

(4)   A list of possible witness who may testify in the trial to be read to the jury panel by the court.

(Adopted, effective January 1, 2002)

Rule 2.21   In Limine Motions

Any in limine motions shall be served upon opposing counsel not less than five (5) days prior to trial. Any response shall be served upon the proponent of the motion not later than the first appearance in the Department of the Presiding Judge for trial assignment.

(Adopted, effective January 1, 2002)

Rule 2.22   Production of Exhibits

Any party intending to offer any exhibit at the time of trial shall be prepared, by the time of assignment to a trial department, with an original and sufficient copies of each such exhibit for all other parties and the court. The court may make, in it discretion, any orders it deems appropriate regarding the exchange and presentations of exhibits.

(Adopted, effective January 1, 2002)

**RULE NUMBERS 2.23 TO 2.29 ARE RESERVED**

## CHAPTER 7. COMPLEX CASES

Rule 2.30   Determination of Complex Case Designation.

A.   **Decision of Complex Case to be Made by Presiding Judge**

The Presiding Judge shall decide whether an action is a complex case  within the meaning of California Rules of Court, Rule 3.400,  subdivision (a), and whether it should be assigned to a single judge for all purposes.   All status conferences or other hearings regarding whether an action should be designated as complex and receive a singly assigned judge shall be set in the Presiding Judge's department.

B.   **Provisional Designation.**

An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).

The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in California Rules of Court, Rule 3.400, subdivision (a).

C.   **Application to Designate or Counter-Designate an Action as a Complex Case.**

Superior Court of California, County of San Mateo

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1)   Management of a large number of separately represented parties;
(2)   Complexity of anticipated factual and/or legal issues;
(3)   Numerous pretrial motions that will be time-consuming to resolve;
(4)   Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)   Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)   Whether or not certification of a putative class action will in fact be pursued; and
(7)   Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

**D.  Noncomplex Counter-Designation.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

**E.  Decision by Presiding Judge on Complex Case Designation; Early Status Conference.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter Civil Case Cover Sheet by a defendant (pursuant to California Rules of Court, Rule 3.402, subdivision (a) or (b)), whichever date is earlier.

Superior Court of California, County of San Mateo

Alternatively, in his or her sole discretion, the Presiding Judge may make the decision on complex case designation and single assignment, without a status conference, based upon the filed Civil Case Cover Sheet and accompanying Certificate Re: Complex Case Designation alone.

F.   **Notice.**

The party who seeks a complex case designation or a noncomplex counter-designation must give reasonable notice of the status conference to the opposing party or parties in the action even if they have not yet made a first appearance in the action. Such notice of the status conference shall be given in the same manner as is required for ex parte applications pursuant to California Rule of Court, Rule 379.

G.   **Representations to the Court.**

By presenting to the Court a Certificate Re: Complex Case Designation, an attorney or unrepresented party is certifying to the best of that person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances:

(1)   That the complex case designation or noncomplex counter-designation is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2)   That the claims, defenses, or other legal contentions referenced therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)   That the statement of supporting information relevant to the complex case designation or noncomplex counter-designation have evidentiary support or are believed, in good faith, likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   That there is a reasonable basis for that party's complex case designation or noncomplex counter-designation.

If, after notice and a reasonable opportunity to be heard, the Court determines that this subpart has been violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or self-represented parties that have violated this subpart.

H.   **The Presiding Judge's Continuing Power.**

With or without a hearing, the Presiding Judge may decide, on his or her own motion or on a noticed motion by any party, that a civil action is a complex case or that an action previously declared to be a complex case is not a complex case.

I.   **Pilot Program; Sunset Provision. (Repealed, effective 1/1/2007).**

(Adopted, effective July 1, 2004)(Amended, effective July 1, 2005) (Amended, effective January 1, 2006)(Amended, effective January 1, 2007)

**RULE NUMBERS 2.31 TO 2.35 ARE RESERVED**

**CHAPTER 8.   ACCESS TO COURT RECORDS**

EXHIBIT E - PAGE 50

Superior Court of California. County of San Mateo

Rule 2.36    Public Access and Privacy

Please reference. California Rules of Court, Rule 1.20.

(Adopted, effective January 1, 2008)

Rule 2.37    Public Access.

Exhibits or attachments to a document that are filed or lodged with or otherwise presented to the court, that are not otherwise marked as confidential or sealed, may be subject to public viewing and access either at the courthouse or electronically on-line (California Rules of Court, Rule 2.503, et seq.).

(Adopted, effective January 1, 2008)

Rule 2.38    Electronic Access.

Documents that are part of a court record are reasonably made available to the public electronically under the Court's Electronic Imaging program as permitted by California Rules of Court, Rules 2.500, et seq. Documents that are not properly protected by being marked confidential or sealed by court order may be subject to public access as discussed in Rule 2.38.

(Adopted, effective January 1, 2008)

EXHIBIT E - PAGE 51

| | |
|---|---|
| **ATTORNEY APPEARING**<br><br>**Name:**<br><br>**Firm Name:**<br><br>**Tel No:**<br>**Fax No:**<br>**State Bar No.**<br><br>**ATTORNEY FOR (Name):** | **DO NOT FILE WITH COURT**<br><br>**YOU MUST COMPLETELY FILL OUT ALL INFORMATION ON THIS FORM PRIOR TO SUBMITTING TO COURTCALL OR YOUR REQUEST CANNOT BE PROCESSED!** |
| **COURT: SAN MATEO SUPERIOR COURT** | |
| **Case Name:** | **CASE NUMBER:**<br>**DEPARTMENT/JUDGE:**<br><br>**DATE:**<br><br>**TIME:**<br>**HEARING:** |
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | Our Tax ID#: 95-4568415 |

1. _____(Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT I DIAL INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME. COURTCALL DOES NOT DIAL OUT TO ME.

2. Not less than 5 Court days or 4:00 PM on the Court day prior to the hearing if the department posts tentative rulings, a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 743-1850 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $65.00 (plus additional fee of $35.00 if late filing is accepted) paid as follows:
__Check – (copy attached-write CourtCall ID# on check-and faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN) payable to Telephonic Hearing Account and original mailed to CourtCall at 6383 Arizona Circle, Los Angeles, CA 90045, telephone (310) 342-0888 or (888) 88-COURT. INDIVIDUALS REPRESENTING THEMSELVES MUST PAY BY CREDIT CARD!
__Charged – to CourtCall Debit Account No.:_____
__Charged – to VISA, Mastercard or American Express:
To be completed only on the copy submitted to CourtCall, LLC:

| | |
|---|---|
| Credit Card Number:_____ | Expiration Date:_____ |

To pay by credit card, the copy of this form submitted to CourtCall, LLC must be signed by the person whose credit card is to be charged and must be faxed to CourtCall at (310) 743-1850 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card.

_____        _____
**Type Name**                                    **Signature**

4. Request forms are processed within 24 hours of receipt. Call CourtCall if you do not receive a faxed Confirmation within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL. Matters continued at the time of the hearing require a new form and fee for the continued date. There are no refunds for matters voluntarily taken "off calendar" or canceled. To cancel a CourtCall Appearance fax a copy of your Confirmation marked "Canceled" to 310-743-1850.

5. *MY SIGNATURE ON THIS DOCUMENT SERVES AS CONSENT FOR COURTCALL TO CONTINUE TO FAX (AT THE FAX NUMBER LISTED ABOVE UNDER "ATTORNEY OF RECORD") OR EMAIL NOTICES TO ME OR MY FIRM ADVISING OF UPCOMING APPEARANCES AND/OR OTHER OFFERINGS FROM COURTCALL UNTIL I OR MY FIRM ADVISES COURTCALL OTHERWISE.*

Date: _____        Signature: _____

EXHIBIT E - PAGE 52



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA 94063-1655**
**(650)363-4599**
**www.sanmateocourt.org**

| | |
|---|---|
| ANITA C RAGANO<br>Plaintiff(s)<br>vs.<br>MICHAELS STORES, INC<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No.: CIV 506818          Date: **08/31/11**<br><br>Time: **9:00 AM**<br><br>**Dept. 3** |
| Title:   ANITA C RAGANO VS MICHAELS STORES, INC | |

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.  In accordance with applicable **San Mateo County Local Rule 2.30,** you are hereby ordered to:
    **a.  Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
    b.  **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

> **2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.  An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4.  Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

Form: CCSC

separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

\* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 07/06/11

John C. Fitton,
Court Executive Officer/Clerk

By: GRACE LACEY
Deputy Clerk

Copies mailed to:

```
STEPHEN NOEL ILG
1970 BROADWAY., STE 950
OAKLAND CA 94612
```

Form: CCSC

EXHIBIT F - PAGE 54

| Attorney or Party without Attorney (Name/Address) | FOR COURT USE ONLY |
|---|---|
| Hannah R. Salassi, Esq.<br>SCOTT COLE & ASSOCIATES, APC<br>1970 Broadway, Ninth Floor<br>Oakland, CA 94612<br>Telephone: (510) 891-9800<br>State Bar No.: 230117<br>Attorney for: Repres. Plaintiff Anita C. Ragano | **ENDORSED FILED**<br>SAN MATEO COUNTY<br><br>JUL - 8 2011<br><br>Clerk of the Superior Court<br>By ____ UNA FINAU ____<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff Anita C. Ragano, et al. | |
| Defendant  Michaels Stores, Inc. | |
| **Certificate Re Complex Case Designation** | Case Number<br>CIV-506818 |



**This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation**

1.   In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

   ■ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

   ■ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

   ■ Box 5 – Is [or is not] a class action suit.

2.   This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

CV-59 [Rev. 1/06]                                    www.sanmateocourt.org

EXHIBIT G - PAGE 55

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

This class action case will require management of as many as

1,000 unnamed class members, expert and representative witnesses,

and involve extensive documentary evidence.  Time-consuming

pre-trial motions will include class certification, which

involves abstract and complex legal concepts.  Approval and

distribution of any classwide settlement or award will require

extensive judicial supervision.

*(attach additional pages if necessary)*

3.  Based on the above-stated supporting information, there is a reasonable basis for the complex
case designation or counter-designation [or noncomplex case counter-designation] being made
in the attached Civil Case Cover Sheet.

\*\*\*\*\*

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:   July 7, 2011


Hannah R. Salassi, Esq.
[Type or Print Name]                         [Signature of Party or Attorney For Party]

CV-59 [Rev. 1/06]                                            www.sanmateocourt.org

EXHIBIT G - PAGE 56



# California - San Mateo Superior Court
# CIV506818

---

**Information on California - San Mateo Superior Court**
**Case #:** CIV506818
**Search Title:** 076900.0001: CIV506818 - CA Superior San Mateo County

**Performed on:** Mon Aug 08 2011 22:58:26 PST
**Found 1 Case:** CIV506818
**Client/Matter Number:** 076900.0001

---

**Case #:** CIV506818   in California San Mateo Superior Court
**Case Title:** ANITA C RAGANO VS MICHAELS STORES, INC

Summary          Names          Docket          Hearings
Electronic Documents              ORDER Documents

---

## SUMMARY Information

**Complaint #:** 1
**Complaint Type:** COMPLAINT
**Date Filed:** 07/05/2011
**Status:** ACTIVE
**Court Branch:** San Mateo Main

---

## NAMES Information

### PARTY DETAILS

1. | Party Name | Relation To Case | Party Status |
   | ANITA C RAGANO | PLAINTIFF | FIRST PAPER FEE PAID |

### ATTORNEYS DETAILS

**Name:** ILG, STEPHEN NOEL

**Phone:**

---

### PARTY DETAILS

2. | Party Name | Relation To Case | Party Status |
   | MICHAELS STORES, INC | DEFENDANT | SERVE REQUIRED (WAITS) |

### ATTORNEYS DETAILS

Unrepresented

---

## HEARINGS Information

| 08/31/2011 9:00 AM DEPT. PJLM | COMPLEX CASE STATUS CONFERENCE |
| | Disposition: |

| 10/27/2011 9:00 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE |
| | Disposition: |

---

## DOCKET Information

### MINUTES DETAILS

07/06/2011 - 9:45 AM       COMPLEX LITIGATION FEE OF $550.00 RECEIVED FROM ANITA C RAGANO (PLAINTIFF).
                           Receipt: 110706-0211 $550.00

| Code | Text | Operator |
| *FEE | 110706-0211-CK 034/ 550.00 Paymt | GLACE |

07/05/2011 - 9:31 AM       (S) COMPLAINT FILED

EXHIBIT H - PAGE 57

Receipt: 110706-0180 $395.00

| Code | Text | Operator |
|------|------|----------|
| *FEE | 110706-0180-CK 166/ 395.00 Paymt | GLACE |

## ACTION DETAILS

| 0007 | 10/27/2011 9:00 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE | Disposition: |
|------|------|------|------|
| 0006 | 08/31/2011 9:00 AM DEPT. PJLM | COMPLEX CASE STATUS CONFERENCE | Disposition: |
| 0005 | 07/08/2011 | CERTIFICATE RE COMPLEX CASE DESIGNATION FILED BY ANITA RAGANO. | Disposition: |
| 0004 | 07/06/2011 | COMPLEX LITIGATION FEE OF $550.00 RECEIVED FROM ANITA C RAGANO (PLAINTIFF). | Disposition: |
| 0003 | 07/05/2011 | 30 DAY SUMMONS, ISSUED AND FILED. | Disposition: |
| 0002 | 07/05/2011 | (S) COMPLAINT FILED | Disposition: |
| 0001 | 07/05/2011 | CIVIL CASE COVERSHEET RECEIVED | Disposition: |

## ELECTRONIC DOCUMENTS

| Select | Date | Description |
|--------|------|-------------|
| ☐ | 10/27/2011 9:00 AM DEPT. 21 | CASE MANAGEMENT CONFERENCE - Minutes |
| ☐ | 08/31/2011 9:00 AM DEPT. PJLM | COMPLEX CASE STATUS CONFERENCE - Minutes |
| ☐ | 07/05/2011 | 30 DAY SUMMONS, ISSUED AND FILED. |
| ☐ | 07/05/2011 | CIVIL CASE COVERSHEET RECEIVED |
| ☐ | 07/05/2011 | (S) COMPLAINT FILED |

Select All    [ Get Documents ]

## ORDER Documents ( ⊟ Hide this section )

 **Items listed below may not all be documents.** This list comes from the court case record, and some items may be case events only, with no actual document.

| ☐ | 0005 | 07/08/2011 | CERTIFICATE RE COMPLEX CASE DESIGNATION FILED BY ANITA RAGANO. |
|---|------|-----------|------|
| ☐ | 0004 | 07/06/2011 | COMPLEX LITIGATION FEE OF $550.00 RECEIVED FROM ANITA C RAGANO (PLAINTIFF). |
| ☐ | 0003 | 07/05/2011 | 30 DAY SUMMONS, ISSUED AND FILED. |
| ☐ | 0002 | 07/05/2011 | (S) COMPLAINT FILED |
| ☐ | 0001 | 07/05/2011 | CIVIL CASE COVERSHEET RECEIVED |

NOTE: All information provided by the Superior Court of California, is provided "as is", with no warranties, express or implied, including the implied warranty of fitness for a particular purpose.

End of Report

Copyright 2011 CourtTrax Corporation - info@courttrax.com

EXHIBIT H - PAGE 58



**CORPORATION SERVICE COMPANY**®

**TVW / ALL**
**Transmittal Number: 8902041**
**Date Processed: 07/11/2011**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Michael J Veitenheimer<br>Michaels Stores, Inc.<br>8000 Bent Branch Drive<br>Irving, TX 75063 |
| **Copy of transmittal only provided to:** | Kerri Bates<br>Pamela Langton<br>Janie Perelman |

| | |
|---|---|
| **Entity:** | Michaels Stores, Inc.<br>Entity ID Number  2748165 |
| **Entity Served:** | Michaels Stores, Inc. |
| **Title of Action:** | Anita C. Ragano vs. Michaels Stores, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | San Mateo County Superior Court, California |
| **Case/Reference No:** | CIV 506818 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/11/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Stephen Noel<br>510-891-9800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT I - PAGE 59

# DECLARATION OF MICHAEL STINE

I, Michael Stine, certify and declare as follows:

1.     I am currently employed as Michaels Stores, Inc.'s ("Michaels") Vice President – Field Human Resources.  In that position, I am familiar with and have personal knowledge of Michaels' corporate organization, operations, policy-making procedures, workforce distribution, payroll information, and general business affairs.

2.     Michaels maintains its corporate headquarters at 8000 Bent Branch Drive, Irving, Texas 75063.  Michaels' executive and administrative operations are centrally managed from this location.

3.     The executive officers of Michaels stores, including the chief executive officer and chief financial officer, executive vice-presidents, and general counsel, maintain their offices at Michaels' headquarters in Irving, Texas.  In addition, the executive vice-present of stores with overall responsibility for the operation of Michaels stores nationwide, including all of its California stores, resides in and maintains his office in Texas.

4.     From its headquarters in Texas, Michaels makes and implements company-wide operating, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions.

5.     The majority of the meetings of Michaels' Board of Directors take place in Texas, Michaels' financial records are maintained in Texas, and Michaels' tax returns are filed from Texas.

6.     Since December 15, 2009, at least 13,000 individuals have been employed by Michaels in hourly retail positions in California.  At least 6,347 of these individuals are no longer employed by Michaels.  Of these

former employees, at least 430 had held full-time positions with Michaels, and at least 5,917 had held part-time positions with Michaels.

7.   The former full-time employees mentioned in Paragraph 6, above, typically worked no fewer than six hours per work day.  At the time of their termination, these former full-time employees had been earning an average of approximately $10.00 per hour.

8.   The former part-time employees mentioned in Paragraph 6, above, would work a minimum of three hours per work day and often more. At the time of their termination, these former part-time employees had been earning at least $8.00 per hour.

9.   Michaels Stores, Inc. is incorporated under the laws of the State of Delaware.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 9th day of August, 2011, in Irving, Texas.

Michael Stine

61

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, California 90067.  On August 9, 2011, I served the foregoing document(s) described as:

5

6

**DEFENDANT MICHAELS STORES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453**

7

    on the interested party(ies) below, using the following means:

8

9

10

11

Scott E. Cole, Esq.
Hannah R. Salassi, Esq.
Stephen N. Ilg, Esq.
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612

12

13

☒ **BY PERSONAL SERVICE**  I delivered such envelope(s) by hand to the offices of the addressee(s).

14

15

☒ **BY MESSENGER SERVICE**   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

16

☒ **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

17

    Executed on August 9, 2011 at Los Angeles, California.

18

19

20

Lana Linnet Turner
[Print Name of Person Executing Proof]

[Signature]

21

22

23

24

25

26

27

28

---

**PROOF OF SERVICE**