Scott Edward Cole, Esq. (S.B. # 160744)
Hannah R. Salassi, Esq. (S.B. #230117)
Stephen Noel Ilg, Esq. (S.B. #275599)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:   scole@scalaw.com
Email:   hsalassi@scalaw.com
Email:   silg@scalaw.com
Web:     www.scalaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| ANITA C. RAGANO, TERI McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>MICHAELS STORES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No. CV 11-3908 LB**<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**<br><br>**[Jury Trial Demanded]** |

Representative Plaintiffs allege as follows:

**PRELIMINARY STATEMENT**

1.      This is a class action seeking unpaid wages, including meal and rest period compensation, interest thereon, and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1197 and/or 1198, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. Plaintiff Anita C. Ragano and Teri McDonald ("Plaintiffs") bring this action on behalf of themselves and all other persons similarly

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

situated ("Class Members" and/or the "Plaintiff Class") who are or have been employed by Defendant Michaels Stores, Inc. and/or Does 1 through 100, inclusive (collectively "Defendant" and/or "Michaels") as non-exempt retail store employees within the State of California at any time after July 5, 2007.

2.    The "Class Period" is designated as the time from July 5, 2007 through the date of trial and is based upon the allegation that Defendant's violations of California's wage and hour laws, as described more fully below, have been ongoing during that time.

3.    During the Class Period, Defendant has had a consistent policy of, *inter alia*, (1) requiring its non-exempt retail store employees, including Plaintiffs and Class Members, to remain at work, under the control of Michaels, after completion of these workers' ordinary duties, without paying these employees' wages (including overtime wages) for all compensable time, (2) requiring its non-exempt retail store employees, including Plaintiffs and Class Members, to submit to mandatory security checks of their persons and/or belongings without paying them compensation (including unpaid overtime and/or compensation for working through paid and/or unpaid meal and/or rest periods), (3) willfully failing to pay compensation owing in a prompt and timely manner to Plaintiffs and/or Class Members whose employment with Michaels was terminated, (4) willfully failing to provide Plaintiffs and Class Members with accurate semimonthly itemized statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during the applicable pay period, and (5) willfully failing to provide meal periods and/or rest periods to Plaintiffs and/or Class Members.

## INTRODUCTION

4.    Plaintiffs are informed and believe and, based thereon, allege that, within the Class Period, Defendant Michaels operated at least 130 retail establishments across the State of California. In doing so, Michaels has employed thousands of individuals in non-exempt retail positions which are entitled to full, uninterrupted and statutorily-mandated meal and rest periods, as well as other benefits of employment as set forth herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

5.      Despite actual knowledge of these facts and legal mandates, Michaels has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing not to sufficiently offer meal and rest periods to its California non-exempt retail employees, by not providing them all regular and/or overtime pay (as a result thereof) when due and/or when certain Class Members' employment with Michaels terminated, and by willfully failing to provide Plaintiffs and Class Members with accurate semi-monthly itemized wage statements.

6.      Plaintiffs are informed and believe and, based thereon, allege that officers of Michaels knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

7.      Despite Michaels' knowledge of Plaintiffs' and Class Members' entitlement to these benefits of employment, Michaels failed to provide same, for all applicable work periods, in violation of California state statutes, California Industrial Welfare Commission Wage Order No. 7, and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the Representative Plaintiffs' and Class Members' claims for unpaid wages, penalties and other forms of relief sought herein under, *inter alia*, Industrial Welfare Commission Wage Order No. 7, Title 8 of the California Code of Regulations, Labor Code §§ 201-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, and/or 1198, and California Code of Civil Procedure § 1021.5.

9.      This Court also has jurisdiction over the Representative Plaintiffs' and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair, unlawful, and/or fraudulent business practices under California Business & Professions Code § 17200, *et seq.*

10.     Venue as to Defendant is proper in this judicial district pursuant to California Code of Civil Procedure § 395(a). Defendant Michaels maintains locations within San Francisco County, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of

service of process. The unlawful acts alleged herein have a direct effect on the Plaintiff and those similarly situated within the State of California and County of San Francisco. Defendant operates facilities and has employed numerous Class Members in the County of San Francisco, as well as within other counties across the State of California.

## **PLAINTIFFS**

11.     Plaintiffs are natural people and were, during the relevant time period identified herein, employed by Defendant Michaels as non-exempt "Floor Managers" at three or more of Defendant's California retail stores. Specifically, Plaintiffs Ragano and McDonald works and/or worked as non-exempt Assistant Managers for Defendant Michaels, retail locations, in the State of California.

12.     At all times herein relevant, Plaintiffs were and are now  people within the Class of persons further described and defined herein.

13.     As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff Class" refers to the named Plaintiffs herein as well as each and every person eligible for membership in the class of persons further described and defined herein.

14.     At all times herein relevant, Plaintiffs are/were persons within the class(es) of persons further described and defined herein.

15.     Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to California Code of Civil Procedure § 382, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

## **DEFENDANTS**

16.     At all times herein relevant, Defendant Michaels Stores, Inc. was/is a corporation and/or other form of business entity, duly licensed, located and doing business in, but not limited to, the County of San Francisco, in the State of California.

17.     Plaintiffs are informed and believe and, based thereon, allege that Defendant Michaels directly or indirectly employs and, since July 5, 2007, has employed and/or exercised

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

First Amended Complaint for Damages, Injunctive Relief, and Restitution

control over the wages, hours and working conditions of Plaintiffs and Class Members within various California counties, including, but not limited to, the County of San Francisco.

18. Those Defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein-mentioned, each of the defendants identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs and Class Members at various California locations, as identified in the preceding paragraph.

19. Plaintiffs are unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint when such names are ascertained. Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously-named defendants is/was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein-alleged and that Plaintiffs' and Class Members' damages, as herein-alleged, were proximately caused thereby.

20. Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein-mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action on behalf of themselves and as a class action on behalf of the following Plaintiff Class:

*All persons who are and/or were employed as non-exempt retail employees by Michaels Stores, Inc., in one or more of Michaels' California retail stores between July 5, 2007 and the present.*

22. Defendants and their officers and directors are excluded from the Plaintiff Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

First Amended Complaint for Damages, Injunctive Relief, and Restitution

23.   This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

a.   Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as the Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members are, at least, in the hundreds of individuals. Membership in the Class will be determined by and upon analysis of employee and payroll records, among other records maintained by Michaels.

b.   Commonality: Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)   Whether defendant Michaels violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal and/or rest periods to its non-exempt retail employees;

2)   Whether defendant Michaels violated applicable IWC Wage Order(s) and/or California Labor Code § 510 by failing to pay all (including overtime) compensation to its non-exempt retail employees who worked in excess of forty hours per week and/or eight hours per day;

3)   Whether defendant Michaels violated California Labor Code § 1174 by failing to keep accurate records of Plaintiffs' and Class Members' hours of work;

4)   Whether defendant Michaels violated California Labor Code §§ 201-204 by failing to pay all wages due and owed during the pendency of employment and/or at the time of the termination of employment with Defendant of Plaintiffs and/or Class Members;

5)   Whether defendant Michaels violated California Labor Code § 226 by failing to provide Plaintiffs and Class Members with semimonthly itemized statements including total hours worked and all applicable hourly rates in effect during the pay period; and

6)   Whether Michaels violated Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices.

c.   Typicality: Plaintiffs' claims are typical of the claims of the Plaintiff Class. Plaintiffs and all members of the Plaintiff Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.   Adequacy of Representation: Plaintiffs in this class action are adequate representatives of the Plaintiff Class in that Plaintiffs' claims are typical of those of the Plaintiff Class and the Plaintiffs have the same interest in the litigation of this case as the Class Members. Plaintiffs are committed to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    vigorous prosecution of this case and have retained competent counsel who is experienced in conducting litigation of this nature. Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. Plaintiffs anticipate no management difficulties in this litigation.

2

3

e.    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## **COMMON FACTUAL ALLEGATIONS**

24.    Defendant Michaels has, for years, knowingly failed to properly compensate Plaintiffs and the Plaintiff Class for all wages earned and due (including, but not necessarily limited to, overtime wages and/or compensation for missed meal and/or rest periods). Moreover, Defendant has failed to provide Plaintiffs and the Plaintiff Class with net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods of at least 30 minutes for work shifts exceeding five hours. Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201-204, inclusive. More than 30 days have passed since certain Class Members have left Defendant's employ.

25.    Defendant also failed to provide Plaintiffs and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during each pay period, in violation of California Labor Code § 226. In doing so, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (e.g., the full number of hours worked) and financial impact of its wrongdoing.

26.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and Class Members have sustained damages, as described above; including loss of

1  earnings for uncompensated hours worked, missed meal periods, and missed rest periods, in an

2  amount to be established at trial. As a further direct and proximate result of Defendant's unlawful

3  conduct, as set forth herein, Plaintiffs and Class Members are entitled to recover penalties/wages

4  (pursuant to California Labor Code §§ 201-204) for failure to provide semimonthly itemized wage

5  statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226)

6  in an amount to be established at trial. As a further direct and proximate result of Defendant's

7  unlawful conduct, as set forth herein, Plaintiffs and Class Members are also entitled to recover

8  attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

9

10
11

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7 and 512)

12  27.    Plaintiffs incorporate in this cause of action each and every allegation of the

13  preceding paragraphs, with the same force and effect as though fully set forth herein.

14  28.    At all relevant times, Defendant was aware of and was under a duty to comply with

15  California Labor Code §§ 226.7 and 512.

16  29.    California Labor Code §226.7 provides:

17  (a)    No employer shall require any employee to work during any
18         meal or rest period mandated by an applicable order of the
       Industrial Welfare Commission.

19  (b)    If an employer fails to provide an employee a meal period or
20         rest period in accordance with an applicable order of the
       Industrial Welfare Commission, the employer shall pay the
       employee one additional hour of pay at the employee's
21     regular rate of compensation for each work day that the meal
       or rest period is not provided.
22

23  30.    Moreover, California Labor Code § 512 provides:

24  An employer may not employ an employee for a work period of more than five hours
    per day without providing the employee with a meal period of not less than 30
25  minutes, except that if the total work period per day of the employee is no more than
    six hours, the meal period may be waived by mutual consent of both the employer
26  and employee. An employer may not employ an employee for a work period of more
    than 10 hours per day without providing the employee with a second meal period of
27  not less than 30  minutes, except that if the total hours worked is no more than 12
    hours, the second meal period may be waived by mutual consent of the employer and
28  the employee only if the first meal period was not waived.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

31.    By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Class Members, Defendant violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the IWC Wage Order No. 7.

32.    Section 11 of this Wage Order provides:

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes ....

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes ....

(C)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

33.    Moreover, Section 12 of this Wage Order provides:

(A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

34.    By failing to consistently provide uninterrupted meal breaks of no less than thirty-minutes, and/or ten-minute rest periods to Class Members, Defendant violated California Labor Code and IWC Wage Order provisions.

35.    Defendant's mandatory security checks infringed on Plaintiff's and putative Class Members' meal and rest breaks. As a result of the time spent undergoing security checks, employees were denied the full period for meal and/or rest breaks, in violation of applicable law.

36.    Plaintiffs are informed and believe and, on that basis, allege that Defendant has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

37.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and Class Members have sustained damages, including lost compensation resulting from

1   missed meal and/or rest periods, in an amount to be established at trial. As a further direct and

2   proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are

3   entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as

4   attorneys' fees and costs, and restitution, pursuant to statute.

**SECOND CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY WAGES**
**(Violation of IWC Wage Order and Labor Code §§ 200-204, 510, 1194, and 1198)**

38.   Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

39.   During the Class Period and continuing through the present, Plaintiffs and Class Members performed work for Michaels, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours will be proven at trial.

40.   During the Class Period, Defendant refused to compensate Plaintiffs and Class Members for all of the wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

41.   Defendant refused to compensate employees for time spent undergoing mandatory security checks after employees clocked out at the end of a shift or at the beginning of a meal or rest break. To date, employees have never been compensated for time spent in these security checks.

42.   Similarly, Defendant refused to compensate employees for missed breaks when these security checks caused employees to receive less than 30 minutes for meal breaks or 10 minutes for rest breaks.

43.   Moreover, during the Class Period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Michaels, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Michaels.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

44.     At all relevant times, Defendant was aware of, and was under a duty to comply with, the wage (including overtime wage) provisions of the California Labor Code including, but not limited to, California Labor Code §§ 200-204, 510, 1194 and 1198.

45.     California Labor Code § 510, in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee ...

46.     California Labor Code § 1194, in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

47.     Finally, California Labor Code § 1198, in pertinent part, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

48.     Numerous Class Members were employed by Michaels during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Michaels.

49.     More than thirty days have elapsed since certain Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

50.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Michaels, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Class are entitled to recover penalties (including "waiting time" penalties of up to thirty days' wages,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   pursuant to California Labor Code § 203) in amounts to be established at trial, as well as attorneys'

2   fees and costs, and restitution, pursuant to statute.

3

4                          **THIRD CAUSE OF ACTION**
            **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
5                       **(California Labor Code §§ 226 and 1174)**

6        51.     Plaintiffs incorporate in this cause of action each and every allegation of the

7   preceding paragraphs, with the same force and effect as though fully set forth herein.

8        52.     California Labor Code § 226(a) provides:

9            Each employer shall semi-monthly, or at the time of each payment of wages,
             furnish each of his or her employees either as a detachable part of the check,
10           draft or voucher paying the employee's wages, or separately when wages are
             paid by personal check or cash, an itemized wage statement in writing
11           showing: (1) gross wages earned; (2) total number of hours worked by each
             employee whose compensation is based on an hourly wage; (3) all
12           deductions, provided that all deductions made on written orders of the
             employee may be aggregated and shown as one item; (4) net wages earned;
13           (5) the inclusive date of the period for which the employee is paid; (6) the
             name of the employee and his or her social security number; and (7) the name
14           and address of the legal entity which is the employer.

15       53.     Moreover, California Labor Code § 226(e) provides:

16           An employee suffering injury as a result of a knowing and intentional failure
             by an employer to comply with subdivision (a) is entitled to recover the
17           greater of all actual damages or fifty dollars ($50) for the initial pay period in
             which a violation occurs and one hundred dollars ($100) per employee for
18           each violation in a subsequent pay period, not exceeding an aggregate penalty
             of four thousand dollars ($4,000), and is entitled to an award of costs and
19           reasonable attorney's fees.

20       54.     Finally, California Labor Code § 1174(d) provides:

21           Every person employing labor in this state shall … [k]eep, at a central
             location in the state ... payroll records showing the hours worked daily by and
22           the wages paid to ... employees .... These records shall be kept in accordance
             with rules established for this purpose by the commission, but in any case
23           shall be kept on file for not less than two years.

24       55.     Defendant has failed to provide timely, accurate itemized wage statements to the

25   Plaintiffs and Class Members in accordance with California Labor Code § 226. Plaintiffs are

26   informed and believe and, on that basis, allege that none of the statements provided by Defendant

27   accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions for

28   any Class Member.

56.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Class are entitled to recover penalties, in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**FOURTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200-17208)**

57.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

58.     Plaintiffs further bring this cause of action seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

59.     Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

60.     Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage for Michaels, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

61.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Plaintiffs and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

///
///
///
///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1

**RELIEF SOUGHT**

2    **WHEREFORE**, the Representative Plaintiffs, on behalf of themselves and the proposed

3    Plaintiff Class, pray for judgment and the following specific relief against Defendants, and each of

4    them, jointly and separately, as follows:

5    1.    That the Court declare, adjudge, and decree that this action is a proper class action

6    and certify the proposed Class and/or any other appropriate subclasses pursuant to California Code

7    of Civil Procedure § 382;

8    2.    That the Court make an award to Plaintiffs and Class Members of one hour of wages

9    at each employee's regular rate of compensation for each meal period that was not provided;

10   3.    That the Court make an award to Plaintiffs and Class Members of one hour of wages

11   at each employee's regular rate of compensation for each workday that a rest period was not

12   provided;

13   4.    That the Court declare, adjudge, and decree that Defendants violated the wage

14   (including overtime wage) provisions of the California Labor Code and the applicable California

15   Industrial Welfare Commission Wage Order as to the Plaintiffs and Class Members;

16   5.    That the Court declare, adjudge, and decree that Plaintiffs and Class Members were,

17   at all times relevant herein, and are still, entitled to be paid overtime for work beyond eight hours in

18   a day and forty hours in a week;

19   6.    That the Court make an award to the Plaintiffs and Class Members of damages and/or

20   restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties

21   in an amount to be proven at trial;

22   7.    That the Court order Defendant to pay restitution to Plaintiffs and Class Members due

23   to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-

24   17208;

25   8.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful

26   activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

27   9.    For all other Orders, findings and determinations identified and sought in this

28   Complaint;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

10.     For interest on the amount of any and all economic losses at the prevailing legal rate;

11.     For reasonable attorneys' fees, pursuant to California Labor Code §§1194 and/or California Code of Civil Procedure § 1021.5; and,

12.     For costs of suit and any and all other such relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs and the Plaintiff Class hereby demand trial by jury of all issues triable as of right by jury.

Dated: September 1, 2011

**SCOTT COLE & ASSOCIATES, APC**

By:     /s/ Stephen Noel Ilg, Esq.
        Stephen Noel Ilg, Esq.
        Attorneys for Representative Plaintiffs and
        the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

First Amended Complaint for Damages, Injunctive Relief, and Restitution