**AKIN GUMP STRAUSS HAUER & FELD LLP**
CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
GARY M. MCLAUGHLIN (SBN 217832)
cconway@akingump.com
gknopp@akingump.com
gmclaughlin@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001

Attorneys for Defendant Michaels Stores, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANITA C. RAGANO, TERI McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAELS STORES, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 11-3908 CRB<br><br>**DEFENDANT MICHAELS STORES, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT**<br><br>Date of Removal: August 9, 2011 |

Defendant Michaels Stores, Inc. ("Defendant"), by and through counsel, hereby answers the Second Amended Complaint ("SAC") of plaintiffs Anita Ragano and Teri McDonald (collectively, "Plaintiffs") as follows:

PRELIMINARY STATEMENT

1. Paragraph 1 contains legal statements to which no response is required.. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action as described, but denies that this action may be properly maintained as a class action, and denies all other allegations set forth in Paragraph 1 of the SAC.

2. Paragraph 2 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action as described, but denies that this action may be properly maintained as a class action, and denies all other allegations set forth in Paragraph 2 of the SAC.

3. Defendant admits that it has conducted security checks of employees, but denies that these checks constitute compensable time, that employees were denied compensation owed, and/or that employees were required to work through meal and/or rest breaks, and denies all other allegations set forth in Paragraph 3 of the SAC.

INTRODUCTION

4. Defendant admits that it has employed over a thousand individuals in non-exempt positions during the purported Class Period. Defendant denies all other allegations set forth in Paragraph 4 of the SAC.

5. Defendant denies the allegations set forth in Paragraph 5 of the SAC.

6. Defendant denies the allegations set forth in Paragraph 6 of the SAC.

7. Defendant denies the allegations set forth in Paragraph 7 of the SAC.

JURISDICTION AND VENUE

8. Paragraph 8 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over Plaintiffs' claims.

9. Paragraph 9 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over Plaintiffs' claims.

10. Defendant admits that it operates facilities and has employed numerous non-exempt employees in counties across California, but denies it maintains locations, operates facilities, or employs any purported class members in the County of San Francisco. The remaining portions of Paragraph 10 contain legal statements to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district and that it is within the Court's jurisdiction, but denies the remaining allegations set forth in Paragraph 10 of the SAC.

PLAINTIFFS

11. Defendant admits that Plaintiffs are natural people, but denies all other allegations set forth in Paragraph 11 of the SAC.

12. Paragraph 12 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action as described, but denies that this action may be properly maintained as a class action, and denies all other allegations set forth in Paragraph 12 of the SAC.

13. Paragraph 13 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action as described, but denies that this action may be properly maintained as a class action.

14. Paragraph 14 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action as described, but denies that this action may be properly maintained as a class action.

15. Paragraph 15 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action as described, but denies that this action may be properly maintained as a class action, and denies all other allegations set forth in Paragraph 15 of the SAC.

DEFENDANTS

16. Defendant lacks sufficient knowledge and information to form a belief as to whether it was "duly licensed" to do business in California as that term is vague and ambiguous. Defendant denies that it does business in the County of San Francisco. Defendant admits all other allegations set forth in Paragraph 16 of the SAC.

17. Defendant admits that during the period July 5, 2007 to the present, it has employed Plaintiffs and members of the putative class, as it is defined by Plaintiffs, in various California counties, but denies it has employees in the County of San Francisco. Defendant denies all other allegations set forth in Paragraph 17 of the SAC.

18. Defendant denies the allegations set forth in Paragraph 18 of the SAC.

19. Paragraph 19 contains legal statements to which no response is required. To the extent a response is required, Defendant denies that there are any other proper defendants and denies all other allegations set forth in Paragraph 19 of the SAC.

20. Defendant denies the allegations set forth in Paragraph 20 of the SAC.

## CLASS ACTION ALLEGATIONS

21. Paragraph 21 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action on behalf of a class as described, but denies that this action may be properly maintained as a class action, and denies all other allegations set forth in Paragraph 21 of the SAC.

22. Defendant admits the allegations set forth in Paragraph 22 of the SAC based on Plaintiffs' purported definition of the putative class.

23. Defendant admits that Plaintiffs purport to bring this action as described, but denies that this action may be properly maintained as a class action, and denies all other allegations set forth in Paragraph 23 of the SAC.

## COMMON FACTUAL ALLEGATIONS

24. Defendant denies the allegations set forth in Paragraph 24 of the SAC.

25. Defendant denies the allegations set forth in Paragraph 25 of the SAC.

26. Defendant denies the allegations set forth in Paragraph 26 of the SAC.

27. Defendant admits that it received a copy of a letter from Plaintiffs dated November 11, 2011 purporting to give notice "as required under the California Private Attorneys' General Act" to the Labor and Workforce Development Agency regarding Plaintiffs' claims. The remaining portions of Paragraph 27 contain legal statements to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 27 of the SAC.

## FIRST CAUSE OF ACTION

28. Defendant restates and incorporates by reference each and every response contained in Paragraphs 1 through 27 of this Answer as if fully set forth herein.

29. Paragraph 29 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that it was subject to the statutes referenced in Paragraph 29.

30. Paragraph 30 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 30 for its terms.

31. Paragraph 31 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 31 for its terms.

32. Defendant denies the allegations set forth in Paragraph 32 of the SAC.

33. Paragraph 33 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the wage order referenced in Paragraph 33 for its terms.

34. Paragraph 34 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the wage order referenced in Paragraph 34 for its terms.

35. Defendant denies the allegations set forth in Paragraph 35 of the SAC.

36. Defendant denies the allegations set forth in Paragraph 36 of the SAC.

37. Defendant denies the allegations set forth in Paragraph 37 of the SAC.

38. Defendant denies the allegations set forth in Paragraph 38 of the SAC.

## SECOND CAUSE OF ACTION

39. Defendant restates and incorporates by reference each and every response contained in Paragraphs 1 through 38 of this Answer as if fully set forth herein.

40. Defendant admits that Plaintiffs and class members, as defined by Plaintiffs, performed work for Defendants, and that some of them may have worked in excess of eight hours in a workday and/or forty hours in a

workweek on certain days or weeks. Defendant denies all other allegations set forth in Paragraph 40 the SAC.

41. Defendant denies the allegations set forth in Paragraph 41 of the SAC.

42. To the extent any employees have not been compensated for time undergoing security checks, Defendant denies that such time was compensable. Defendant denies all other allegations set forth in Paragraph 42 of the SAC.

43. Defendant denies the allegations set forth in Paragraph 43 of the SAC, and further denies that security checks caused employees to miss meal periods and/or rest breaks.

44. Defendant admits that some class members, as defined by Plaintiffs, may have resigned or have been otherwise terminated from their positions with Defendant during the purported Class Period. Defendant denies all other allegations set forth in Paragraph 44 the SAC.

45. Paragraph 45 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that it was subject to the statutes referenced in Paragraph 45.

46. Paragraph 46 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 46 for its terms.

47. Paragraph 47 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 47 for its terms.

48. Paragraph 48 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 48 for its terms.

49. Defendant admits that some class members, as defined by Plaintiffs, may have resigned or have been otherwise terminated from their positions with Defendant during the purported Class Period. Defendant denies all other allegations set forth in Paragraph 49 the SAC.

50. Defendant denies the allegations set forth in Paragraph 50 of the SAC.

51. Defendant admits the allegations set forth in Paragraph 51 of the SAC.

52. Defendant denies the allegations set forth in Paragraph 52 of the SAC.

## THIRD CAUSE OF ACTION

53. Defendant restates and incorporates by reference each and every response contained in Paragraphs 1 through 52 of this Answer as if fully set forth herein.

54. Paragraph 54 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 54 for its terms.

55. Paragraph 55 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 55 for its terms.

56. Paragraph 56 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 56 for its terms.

57. Defendant denies the allegations set forth in Paragraph 57 of the SAC.

58. Defendant denies the allegations set forth in Paragraph 58 of the SAC.

## FOURTH CAUSE OF ACTION

59. Defendant restates and incorporates by reference each and every response contained in Paragraphs 1 through 58 of this Answer as if fully set forth herein.

60. Paragraph 60 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action as described, but denies that they are entitled to such relief, and denies all other allegations set forth in Paragraph 60 of the SAC.

61. Defendant denies the allegations set forth in Paragraph 61 of the SAC.

62. Defendant denies the allegations set forth in Paragraph 62 of the SAC.

63. Plaintiffs have labeled two paragraphs "63." Defendant denies the allegations set forth in the Paragraph 63 of the SAC that pertains to Plaintiffs' fourth cause of action. Defendant responds to the allegations set for the Paragraph 63 that pertains to the fifth cause of action as follows: Defendant restates and incorporates by reference each and every response contained in Paragraphs 1-63 of this Answer as if fully set forth herein.

FIFTH CAUSE OF ACTION

64. Paragraph 64 contains legal statements to which no response is required. To the extent a response is required, Defendant refers to the statute referenced in Paragraph 64 for its terms.

65. Defendant denies the allegations set forth in Paragraph 65 of the SAC.

66. Defendant denies the allegations set forth in Paragraph 65 of the SAC.

67. Paragraph 67 contains legal statements to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action as described, but denies that this action may be properly maintained as a representative or class action, and denies all other allegations set forth in Paragraph 67 of the SAC.

68. Defendant denies the allegations set forth in Paragraph 68 of the SAC.

69. Defendant denies the allegations set forth in Paragraph 68 of the SAC.

RELIEF SOUGHT

Defendant denies each and every allegation and statement in Plaintiffs' prayer for relief, and denies that Plaintiffs are entitled to any relief, including the relief stated in the prayer.

DEFENDANT'S DEFENSES

Defendant has not completed its investigation of the facts alleged in this action, has not engaged in discovery in this action, and has not prepared for trial. Thus the defenses stated herein are based on Defendant's knowledge, information, and belief at this time, and Defendant expressly reserves the right to modify, amend, or supplement any defense contained herein at any time. Defendant therefore reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

Without admitting any of the allegations asserted therein or conceding that Defendant bears any burden of proof or persuasion on any issue on which Defendant would not otherwise bear such burden, Defendant asserts the following general and affirmative defenses to the Complaint:

FIRST DEFENSE

(Statute of Limitations)

Plaintiffs' Labor Code claims for unpaid wages, and Section 203 penalties based on the alleged failure to pay those wages, are subject to a three-year statute of limitations and are barred to the extent Plaintiffs seek relief for time periods outside that statute of limitations. Plaintiffs' remaining claims for penalties, including Plaintiffs' claims for penalties under Labor Code Section 226, are subject to a one-year statute of limitations and are barred to the extent Plaintiff seeks relief for time periods outside that statute of limitations. Plaintiffs' unfair competition claim under Business and Professions Code Section 17200 is subject to a four-year statute of limitations and is

barred to the extent Plaintiff seeks relief for time periods outside that statute of limitations.

SECOND DEFENSE

(Standing)

Plaintiffs are no longer employed by Defendant. Thus, they lack standing to seek any injunctive relief.

THIRD DEFENSE

(No Basis for Equitable Relief)

Plaintiffs are no longer employed by Defendant. Thus, they lack standing to seek any injunctive relief. Moreover, their claims are subject to monetary damages that would constitute an adequate remedy at law.

FOURTH DEFENSE

(Collateral Estoppel/ Issue Preclusion)

Plaintiffs' class claims are precluded by the court's denial of class certification in the case of *McLeod v. Michaels Stores, Inc., et al.*, Case No. 2:09-cv-03491-GHK-PLA, (C.D. Cal. December 15, 2009).

FIFTH DEFENSE

(Failure to State a Cause of Action)

Plaintiffs are barred from relief to the extent the SAC, and each of the purported causes of action set forth therein, fails to allege facts sufficient to state a cause of action against Defendant.

SIXTH DEFENSE

(No Willfulness)

Plaintiffs' Labor Code Section 203 penalty claims are barred because any failure by Defendant to timely pay final wages to Plaintiffs, to the extent there was any such failure, was not willful.

SEVENTH DEFENSE

(De Minimis Doctrine)

Plaintiffs are barred from relief because the SAC, and each purported cause of action stated therein, is barred by the *de minimis* doctrine, to the extent the amounts of any uncompensated time they are alleging was *de minimis*.

EIGHTH DEFENSE

(Time Not Compensable)

Plaintiffs are barred from relief to the extent the time for which they seek compensation does not, in whole or in part, constitute compensable working time.

NINTH DEFENSE

(Release and Satisfaction)

Plaintiffs' and putative class members' claims are barred to the extent the claims have been satisfied and/or released in previous class or representative settlements with Defendant, including the settlement in *Clark v. Michaels Stores, Inc.*, Case No. 05-CV-1678-WHQ (JMA) (S.D. Cal.), and any individual settlements.

TENTH DEFENSE

(Unconstitutionality of PAGA Penalties)

Plaintiffs' and putative class members' claims for PAGA penalties are barred because the statute and relief sought is unconstitutional.

RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further affirmative and general defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by the Complaint;
2. That the Complaint be dismissed;
3. For judgment in favor of Defendant;

4. For costs of suit herein; and

5. For attorney's fees pursuant to California Labor Code § 218.5 and Code of Civil Procedure § 128.7 and any other appropriate basis; and

6. For such other relief as the Court may deem proper and just.

Dated: December 23, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP

By /s/ *Gary M. McLaughlin*
Gary M. McLaughlin
Attorneys for Defendant
Michaels Stores, Inc.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On December 23, 2011, I served the foregoing document(s) described as: **DEFENDANT MICHAELS STORES, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 23, 2011 at Los Angeles, California.

Rebecca McNew
Printed Name

[Signature]