1  Scott Edward Cole, Esq. (S.B. # 160744)
   Hannah R. Salassi, Esq. (S.B. # 230117)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile: (510) 891-7030
   Email: scole@scalaw.com
5  Email: hsalassi@scalaw.com
   Web:  www.scalaw.com
6
   Attorneys for Representative Plaintiffs
7  and the Plaintiff Class

8              **UNITED STATES DISTRICT COURT**

9     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11  ANITA C. RAGANO, TERI              )   **Case No. CV-11-3908 CRB**
    MCDONALD individually, and on      )
12  behalf of all others similarly situated,  )   **CLASS ACTION**
                                       )
13                       Plaintiffs,   )   **NOTICE OF MOTION AND MOTION;**
                                       )   **MEMORANDUM OF POINTS AND**
14  vs.                                )   **AUTHORITIES IN SUPPORT OF**
                                       )   **PLAINTIFFS' MOTION FOR ORDER: (1)**
15  MICHAELS STORES, INC. and          )   **GRANTING PRELIMINARY APPROVAL OF**
    DOES 1 through 100, inclusive,     )   **THE CLASS ACTION SETTLEMENT**
16                                     )   **AGREEMENT; (2) GRANTING**
                        Defendants.    )   **CONDITIONAL CERTIFICATION OF THE**
17                                     )   **SETTLEMENT CLASS; (3) APPOINTING**
                                       )   **CLASS COUNSEL; (4) APPOINTING CLASS**
18                                     )   **REPRESENTATIVES; (5) APPOINTING**
                                       )   **SETTLEMENT ADMINISTRATOR; AND (6)**
19                                     )   **APPROVING CLASS NOTICE AND CLAIM**
                                       )   **FORM AND TIMELINE FOR**
20                                     )   **ADMINISTRATION**
                                       )
21                                     )   **Date:     October 26, 2012**
                                       )   **Time:     10:00 a.m.**
22                                     )   **Dept.:    Courtroom 6 - 17th Floor**
    _____)   **Judge:    Hon. Charles Breyer**
23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on the date, time and location above, Representative Plaintiffs Anita C. Ragano and Teri McDonald will and hereby do move this Court for an Order:

1.    Granting preliminary approval of the class action settlement agreement;

2.    Granting conditional certification of the settlement class;

3.    Appointing Scott Cole & Associates, APC ("SCA") as Class Counsel;

4.    Appointing Plaintiffs Anita Ragano and Teri McDonald as Class Representatives;

5.    Approving Kurtzman Carson Consultants as settlement administrator; and

6.    Approving the Class Notice and Claim Form and proposed timeline for administration.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Hannah R. Salassi, Esq. and exhibits thereto, the complete files and records of this action, and any further briefing and arguments of counsel.

Dated: October 12, 2012

                                  **SCOTT COLE & ASSOCIATES, APC**



                         By:    /s/ Hannah R. Salassi, Esq.
                                Hannah R. Salassi
                                Attorneys for the Representative Plaintiff
                                and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS........................... 2

III.   SUMMARY OF SETTLEMENT TERMS....................................................... 3

IV.    CERTIFICATION FOR SETTLEMENT PURPOSES OF PLAINTIFFS' CLAIMS IS
       APPROPRIATE UNDER RULE 23 ................................................................. 7

   A.  A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS
       OF RULE 23(a) AND RULE 23(b)............................................................. 7

   B.  THE SETTLEMENT CLASS MEETS ALL FOUR REQUIREMENTS OF
       RULE 23(a).......................................................................................... 7

       1.  The Settlement Class Satisfies the Numerosity Element................................. 7

       2.  The Settlement Class Satisfies the Commonality Element............................. 7

       3.  The Settlement Class Satisfies the Typicality Element ................................. 8

       4.  Plaintiffs and Their Counsel Satisfy the Adequacy Element........................... 9

   C.  THE PROPOSED SETTLEMENT CLASS ALSO MEETS THE REQUIREMENTS OF
       RULE 23(b)(3)..................................................................................... 10

V.     PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL .......... 11

VI.    THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY
       APPROVAL ......................................................................................... 11

   A.  THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF FURTHER
       LITIGATION ALL SUPPORT APPROVAL ................................................. 13

   B.  THE WORK PERFORMED BY COUNSEL SUPPORTS APPROVAL OF THE
       SETTLEMENT....................................................................................... 14

VII.   THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY DUE
       PROCESS ........................................................................................... 15

   A.  THE SETTLEMENT DOCUMENTS SATISFY DUE PROCESS AND MEET ALL OF
       THE ELEMENTS OF RULE 23(c)(2)(B) ................................................... 15

1     B.    THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS BECAUSE

2          THEY ARE CALCULATED TO GIVE ALL SETTLEMENT CLASS MEMBERS

3          NOTICE......................................................................................................... 16

4 VIII.    THE PARTIES REQUEST THAT THE COURT SET A FINAL SETTLEMENT

5          APPROVAL SCHEDULE.............................................................................. 17

6 IX.    CONCLUSION................................................................................................ 17

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

## Cases

*Acosta v. Trans Union, LLC,*
  243 F.R.D. 377 (C.D. Cal. 2007) ............................................................. 7

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997) ................................................................... 7, 10

*Baby Neal for and by Kanter v. Casey,*
  43 F. 3d 48 (3d Cir. 1994) ...................................................................... 8

*Blackie v. Barrack,*
  524 F. 2d 891 (9th Cir. 1975) ............................................................... 10

*California Rural Legal Assistance v. Legal Services Co.,*
  917 F.2d 1171 (9th Cir. 1990) ................................................................ 9

*Cf. Torrisi v. Tucson Elec. Power Co.,*
  8 F. 3d 1370 (9th Cir. 1993) ................................................................ 16

*City of Seattle,*
  955 F.2d at 1276 .................................................................................. 12

*Day v. NLO,*
  851 F.Supp. 869 (S.D. Ohio 1994) .................................................... 9, 17

*Dunk v. Ford Motor Co.,*
  48 Cal.App.4th 1794 (1996) ................................................................ 13

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein,*
  30 Cal.4th 1037 (2003) ........................................................................ 13

*Franklin v. Kaypro Corp.,*
  884 F.2d 1222 (9th Cir. 1989) .............................................................. 13

*General Tel. Co. of Southwest v. Falcon,*
  457 U.S. 147 (1982) ................................................................................ 9

*Girsh v. Jepson,*
  521 F.2d 153 (1975) ............................................................................. 13

*Gutierrez v. Kovacevich "5" Farms,*
  2004 WL 3745224 (E.D. Cal. Dec. 2, 2004) ......................................... 8

*Haley v. Medtronic, Inc.,*
  169 F.R.D. 643 (C.D. Cal. 1996) ........................................................... 8

*Hammon v. Berry,*
  752 F. Supp. 108 (D.D.C.1990) ........................................................... 13

*Hanlon v. Chrysler Corp.,*
  150 F. 3d 1011 (9th Cir. 1998) ......................................... 7, 8, 9, 10, 12

*In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.,*
  55 F.3d 768 (3rd Cir. 1995) ................................................................. 13

*In re Jiffy Lube Securities Litigation,*
  927 F. 3d 155 (4th Cir. 1991). ............................................................. 11

*In re Mego Financial Corp. Securities Litig.,*
  213 F.3d 454 (9th Cir. 2000) ............................................................... 12

*In re Michael Milken & Assocs. Sec. Litig.,*
  150 F.R.D. 57 (S.D.N.Y. 1993) ........................................................... 15

*In re Traffic Exec. Ass'n,*
  627 F.2d 631 (2d Cir. 1980) ................................................................ 12

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Preliminary Approval of Class Settlement; Memorandum of Points & Authorities

*Kullar v. Foot Locker Retail, Inc.*,
   168 Cal.App.4th 116 (2008) ............................................................................. 13

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
   244 F. 3d 1152 (9th Cir. 2001). ......................................................................... 9

*Mallick v. Superior Court*,
   89 Cal.App.3d 434 [1979]) ............................................................................. 12

*Mendoza v. United States*,
   623 F. 2d 1338 (9th Cir. 1980) ......................................................................... 15

*Michael Milken & Assocs. Sec. Litig.*,
   150 F.R.D. 57 (S.D.N.Y. 1993) ....................................................................... 15

*Morelock Enterprises, Inc. v. Weyerhaeuser Co.*,
   2004 WL 2997526 (D. Or. Dec. 16, 2004). ..................................................... 11

*Officers for Justice v. Civil Service Com.*,
   688 F.2d 615 (9th Cir. 1982) ........................................................................... 13

*Potter v. Pacific Coast Lumber Company*,
   37 Cal.2d 592 (1951) ................................................................................. 12, 14

*Slaven v. BP Am., Inc.*,
   190 F.R.D. 649 (C.D. Cal. 2000) ...................................................................... 8

*Staton v. Boeing Co.*,
   327 F. 3d 938 (9th Cir. Wash. 2003) ................................................................. 9

*Steinberg v. Carey*,
   470 F. Supp. 471 (S.D.N.Y. 1979) ................................................................. 13

*Tierno v. Rite-Aid Corp.*,
   No. 05-2520, 2006 WL 2535056 (N.D. Cal., Aug. 31, 2006) ............................ 8

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir., 1976) ..................................................................... 12, 14

*Wehner v. Syntex Corp.*,
   117 F.R.D. 641 (N.D.Cal. 1987) ....................................................................... 9

*Wershba v. Apple Computer, Inc.*,
   91 Cal. App. 4th 224 (2001) ........................................................................... 12

*Young v. Katz*,
   447 F.2d 431 (5th Cir. 1971) ........................................................................... 13

## Federal Statutes

Fed. R. Civ. P. 23(a)(1)...................................................................................... 7
Fed. R. Civ. P. 23(a)(4)...................................................................................... 9
Fed. R. Civ. P. 23(b)(3)................................................................................... 10
Fed. R. Civ. P 23(c)(2)(B)............................................................................... 15
Fed. R. Civ. P 23(a)(2),..................................................................................... 7
Fed. R. Civ. P 23(g) ....................................................................................... 11
Fed. R. Civ. P 23 ............................................................... 7, 9, 10, 11, 15, 16

## Business & Professions Code

Business and Professions Code
   § 17200........................................................................................................... 8

## Labor Code

California Labor Code
   § 1174............................................................................................................. 8

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

California Labor Code
  § 201............................................................................................................. 8
California Labor Code
  § 226............................................................................................................. 8
California Labor Code
  § 226.7.......................................................................................................... 8
California Labor Code
  §204.............................................................................................................. 8
California Labor Code
  §510.............................................................................................................. 8
California Labor Code
  §512.............................................................................................................. 8
California Labor Code
  § 2699................................................................................................. 4, 5, 15

### **Newberg**

4 Newberg
  § 11:25-26.................................................................................................. 12
4 Newberg
  § 11:41....................................................................................................... 12

### **Federal Rules of Civil Procedure**

Fed. R. Civ. P. 23(a) .................................................................... 7, 8, 10
Fed. R. Civ. P. 23(b) .............................................................................. 7
Fed. R. Civ. P. 23(a)(1)........................................................................... 7
Fed. R. Civ. P. 23(a)(4)........................................................................... 9
Fed. R. Civ. P. 23(b)(3)..................................................................... 7, 10
Fed. R. Civ. P 23(c)(2)(B). .................................................................. 15
Fed. R. Civ. P 23(a)(2),.......................................................................... 7
Fed. R. Civ. P 23(g) ............................................................................. 11
Fed. R. Civ. P 23 ..................................................... 7, 9, 10, 11, 15, 16

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Preliminary Approval of Class Settlement; Memorandum of Points & Authorities

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

By and through the instant Motion, Representative Plaintiffs Anita Ragano and Teri McDonald ("Plaintiffs") request that this Court enter an Order:

1.     Granting preliminary approval of the Class Action Settlement Agreement;[1]

2.     Granting conditional certification of the settlement class;[2]

3.     Appointing Scott Cole & Associates, APC ("SCA") as class counsel;

4.     Appointing Plaintiffs Anita Ragano and Teri McDonald as Class Representatives;

5.     Approving Kurtzman Carson Consultants as settlement administrator; and

6.     Approving the Class Notice, Claim Form, and proposed timeline for administration.[3]

On or about October 11, 2012, Plaintiffs and Defendant executed a Settlement Agreement which encompasses all claims asserted by the Representative Plaintiffs on behalf of themselves and a class of more than 24,000 non-exempt employees who worked for defendant Michaels Stores, Inc., (hereinafter "Defendant") in California at any time on or after July 5, 2007 through the present, who do not timely exclude themselves.

In the operative Complaint, Plaintiffs bring claims under California law alleging that Defendant subjected class members to daily unlawful off-the-clock "bag checks," a class-wide employment policy that deprives class members of wages and interferes with their meal and rest breaks. Plaintiffs allege Defendant failed to provide uninterrupted meal and rest periods, failed to pay all wages due, failed to provide accurate itemized wage statements, failed to pay wages on

---

[1]     A true and correct copy of the fully executed settlement agreement, entitled "Class Action Settlement Agreement and Release of Claims" ("Settlement") is attached to the Declaration of Hannah R. Salassi, Esq. ("Salassi Decl."), filed concurrently herewith, and marked as Exhibit "A." Unless otherwise noted, all exhibits cited herein are attached to the Salassi Decl.
[2]     The Settlement Class consists of "All persons who are and/or were employed by Michaels Stores in the State of California as non-exempt employees from July 5, 2007 through the date of preliminary approval" Exhibit "A," Settlement ¶ 7.
[3]     The proposed Notice of Class Action Settlement ("Class Notice") is attached to the Settlement as Exhibit "A" and the parties' proposed Claim Form is attached to the Settlement as Exhibit "B" (collectively referred to as the "Settlement Documents"). Exhibit "A," Settlement ¶ 34.

1 termination, and engaged in unfair competition. Plaintiffs seek various forms of relief for themselves
2 and for all other similarly situated class members.

3     Now, the Representative Plaintiffs have agreed to settle their own and the class members'
4 claims in exchange for Defendant's agreement to pay a Maximum Settlement Amount of
5 $2,000,000.00, which includes the cost of administering the Settlement, enhancement payments to
6 the Representative Plaintiffs, payment to the LWDA, and attorneys' fees and costs.

7     The Settlement reflects a very good result for the Class, satisfies all the criteria for
8 preliminary settlement approval under California law, and falls well within the range of what
9 constitutes a reasonable compromise for claims of this nature and size.

10

11 **II.      PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS**

12     Plaintiff Anita Ragano filed this lawsuit on July 5, 2011 in the Superior Court for the State of
13 California, in and for the County of San Mateo, Case Number CIV 506818, and Plaintiff Teri
14 McDonald was subsequently added on September 1, 2011.[4] This matter was removed to the United
15 States District Court, Northern District of California on August 9, 2011.[5] Defendant filed its Answer
16 on December 23, 2011.

17     The parties completed both formal and informal discovery prior to reaching a settlement.
18 Defendant's requests for production of documents were served on November 23, 2011 and Plaintiffs
19 responded on January 11, 2012.[6] Plaintiffs served interrogatories and requests for production of
20 documents on December 2, 2011 and Defendant responded on January 20, 2012.[7] Site inspections of
21 three Michaels stores were completed on March 16, 2012.[8] The deposition of Anita Ragano was
22 completed on July 26, 2012.[9] In addition, Plaintiffs obtained surveys from more than 106 class
23 members regarding security inspections at Defendant's stores.[10]

24

25 [4] Salassi Decl. ¶ 3.
26 [5] Salassi Decl. ¶ 4.
   [6] Salassi Decl. ¶ 6.
27 [7] Salassi Decl. ¶ 6.
   [8] Salassi Decl. ¶ 6.
28 [9] Salassi Decl. ¶ 6.
   [10] Salassi Decl. ¶ 6.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

The mediation session took place on August 7, 2012, facilitated by David Rotman, Esq., who was selected due to his experience with wage and hour class actions.[11] Prior to mediation, Defendant provided data points, including the class size, average hourly rates, and number of shifts during the class period. This data, along with discovery, surveys, and the issues presented during the mediation allowed Plaintiffs and Defendant to intelligently evaluate the propriety of class certification, prevailing on the merits and the potential value of Class Members' claims.[12] These efforts also apprised Class Counsel of the potential litigation risks facing Plaintiffs and the class members.[13] The parties were able to reach an understanding at the mediation. On October 11, 2012, all named parties and their respective counsel had executed the Settlement and agreed to its terms.[14]

### III.      SUMMARY OF SETTLEMENT TERMS

Representative Plaintiffs and their counsel believe that the Settlement achieved herein is a great result. In exchange for a release, the Settlement requires Defendant to pay up to $2,000,000.00 ("Maximum Settlement Amount"),[15] with a 60% Floor, to participating class members. The Settlement provides settlement awards to Class Members, for payment of attorneys' fees (not to exceed 33 1/3% of the Gross Settlement Amount)[16] and litigation costs,[17] an enhancement award to the named Plaintiffs (not to exceed $2,500 for Teri McDonald and $5,000 for Anita Ragano),[18]

---

[11]      Salassi Decl. ¶ 7.
[12]      Salassi Decl. ¶ 8.
[13]      Salassi Decl. ¶ 8.
[14]      Salassi Decl. ¶ 10.
[15]      Exhibit "A," Settlement ¶ 30.
[16]      Exhibit "A," Settlement ¶ 30. Plaintiff's counsel will seek a fee award of up to 33 1/3% of the Gross Settlement Amount, plus reimbursement of actual litigation costs. Through the present, SCA has advanced $14,383.00 in unreimbursed litigation costs, and will incur additional expenses through the completion of the settlement approval process. Salassi Decl. ¶ 31. Plaintiff's counsel will submit its billing records and an itemized cost journal with the Motion for Final Approval so as to reflect all work performed and costs incurred in the prosecution of this matter.
[17]      Exhibit "A," Settlement ¶ 30.
[18]      Exhibit "A," Settlement ¶ 30. The Class Representative and Class Counsel have agreed to request a $2,500 Enhancement Award for Teri McDonald and a $5,000 Enhancement Award for Anita Ragano at the Final Approval Hearing. The Enhancement Award is intended to recognize the time and effort the Class Representative expended on behalf of the Class. In this case, the Class Representative stepped forward and filed suit against Defendant despite fears of damage to their reputation and the potential risk that they would face a substantial cost award if unsuccessful. In addition, Anita Ragano attended a full day deposition prior to the parties' mediation. Class Counsel will provide admissible evidence prior to the Final Approval Hearing to support the requested Enhancement Award.

settlement administration costs,[19] and payment to the California Labor & Workforce Development Agency ("LWDA") for release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 *et seq.*[20]

Defendant will provide to the Settlement Administrator, within ten (10) business days of the entry of an Order granting preliminary approval of the Settlement and Class Notice, a database, including (1) the names, last known addresses and home telephone number for each member of the Plaintiff Class, and (2) data pertaining to the dates of employment and number of workweeks that each member of the Plaintiff Class was employed by Defendant during the Settlement Period. In addition, the database provided to the Settlement Administrator shall also contain Social Security numbers for members of the Plaintiff Class. Defendant agrees to provide these Databases in a format reasonably acceptable to the Settlement Administrator.[21]

Defendant shall fully fund the settlement to the Settlement Administrator within ten (10) business days of the Effective Date.  If the Settlement Class Members' Settlement Shares (as defined below) are less than the Floor, then the value of each Settlement Class Member's Settlement Share will be increased on a pro-rata basis to meet the Floor.[22]

The Class members will have 30 days (absent a showing of good cause) from the date the Claims Administrator mails the Class Notice and Claim Form to submit claims.[23] All Class Members will have 30 days to exclude themselves,[24] or object to the Settlement.[25]

Each member of the Plaintiff Class shall be entitled to receive a pro rata portion of the Net Settlement Fund (his/her "Individual Settlement Share"), calculated based upon the number of weeks worked thereby during the Settlement Period, divided by the total number of workweeks worked by all Plaintiff Class Members during said period. The Settlement Administrator will calculate the number of workweeks worked by Qualified Claimants, the amount to be paid per workweek, and the

---

[19]     Exhibit "A," Settlement ¶ 30.
[20]     Exhibit "A," Settlement ¶ 30(d).
[21]     Exhibit "A," Settlement ¶ 35.
[22]     Exhibit "A," Settlement ¶ 30(e).
[23]     Exhibit "A," Settlement ¶ 38.
[24]     Exhibit "A," Settlement ¶ 39.
[25]     Exhibit "A," Settlement ¶ 40.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Individual Settlement Share to be paid to each Qualified Claimant. If the aggregate amount of Settlement Class Members' Individual Settlement Shares equals less than the Floor, then each Settlement Class Member's Individual Settlement Share will be increased on a pro-rata basis until the aggregate amount of Settlement Class Members' Individual Settlement Shares equals/meets the Floor. Any remaining monies from the Net Settlement Fund will revert to Defendant. This formula was devised as a practical and logistical tool to simplify and keep most equitable the claim process and the relative value of Settlement Class Members' Individual Settlement Shares, and it is understood that the Gross Settlement Fund may have been set at a value substantially less, absent these provisions, thereby devaluing the entitlement of Settlement Class Members' recoveries. Settlement Class Members' settlement checks shall be distributed by the Settlement Administrator within ten (10) business days after Defendant funds the settlement.[26]

The Parties agree that one-third (33 1/3%) of the Individual Settlement Share that is distributed to each Qualified Claimant will be considered penalties and one-third (33 1/3%) will be considered interest. The penalties and interest portion will be reported as such to each Qualified Claimant via an IRS Form 1099. The parties agree that the remaining one-third (33 1/3%) of the amount distributed to each Qualified Claimant will be considered wages and will be reported as such to each Qualified Claimant on a W-2.[27]

The Parties shall apply to the Court for approval of a payment under the California Private Attorneys General Act ("PAGA"), Labor Code §§ 2699 *et seq*. The Parties have agreed to allocate Seven Thousand Five Hundred Dollars ($7,500.00) (the "PAGA Payment") from the Gross Settlement Amount towards a release of the PAGA claims, as described more fully herein. The Parties agree that this amount is reasonable in light of the facts and circumstances presented in the Action. If approved, the California Labor & Workforce Development Agency ("LWDA") shall be paid seventy-five percent (75%) of the total amount allocated towards PAGA claims from the Gross Settlement Fund within ten (10) business days after Defendant funds the settlement. If approved,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[26]     Exhibit "A," Settlement ¶ 30(c).
[27]     Exhibit "A," Settlement ¶ 31.

twenty-five percent (25%) of the total amount allocated towards PAGA claims shall be included in calculation of the Net Settlement Fund and thereafter distributed to the Settlement Class in accordance with the terms of the Settlement. In the event the LWDA or Court rejects this allocation, the parties will meet and confer with the Court and the LWDA to reach a penalty allocation that is acceptable to all parties and that does not materially alter the terms of the Settlement Agreement. Notably, the LWDA has been notified of the pendency of this action and has elected not to pursue penalties or any other remedy for the alleged violations described in the Complaint.[28]

The fees and expenses of the Settlement Administrator shall be paid by Defendant, and deducted from the Gross Settlement Amount, no later than ten (10) business days from the date Defendant funds the settlement. If the Settlement Agreement is not given final approval by the Court, the Parties shall bear the cost of such fees and expenses equally.[29]

Defendant will not retaliate against Members of the Plaintiff Class for any actions taken or not taken with respect to this Settlement.[30]

Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation, with the attendant risk, inconvenience and expense. Nothing contained in the Settlement, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. The Settlement Agreement is a settlement document and shall be inadmissible as evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce the Settlement Agreement.[31]

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[28]   Exhibit "A," Settlement ¶ 30(d).
[29]   Exhibit "A," Settlement ¶ 30(e).
[30]   Exhibit "A," Settlement ¶ 45.
[31]   Exhibit "A," Settlement ¶ 61.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**IV.     CERTIFICATION FOR SETTLEMENT PURPOSES OF PLAINTIFFS' CLAIMS IS APPROPRIATE UNDER RULE 23**

**A.     A DISTRICT COURT MAY CERTIFY A CLASS IF IT MEETS THE REQUIREMENTS OF RULE 23(a) AND RULE 23(b)**

Through this motion, Plaintiffs request[32] that the Court make appropriate findings and conditionally certify the following class for purposes of settlement only ("Settlement Class"):

> All persons who are and/or were employed by Michaels Stores, Inc. in one or more of Michaels' California retail stores between July 5, 2007 through the date of preliminary approval.[33]

To certify a class, a district court must find that the proposed class meets the requirements of both Rule 23(a) and Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). As discussed below, based on Plaintiffs' allegations in their Complaint, the Settlement Class meets all four prerequisites of Rule 23(a) class certification – numerosity, commonality, typicality and adequacy of representation – in addition to the requirements of Rule 23(b)(3) – predominance of common issues and superiority of the class action device.

**B.     THE SETTLEMENT CLASS MEETS ALL FOUR REQUIREMENTS OF RULE 23(A)**

**1.     The Settlement Class Satisfies the Numerosity Element**

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all class members be impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Acosta v. Trans Union, LLC,* 243 F.R.D. 377, 384 (C.D. Cal. 2007). Here, the Settlement Class of more than 24,000 members[34] is clearly large enough to make joinder impracticable.

**2.     The Settlement Class Satisfies the Commonality Element**

Under Federal Rules of Civil Procedure, Rule 23(a)(2), Plaintiffs must show that there is a question of law or fact common to the Settlement Class, using a permissive standard. *Hanlon v. Chrysler Corp.,* 150 F. 3d 1011, 1019-20 (9th Cir. 1998) (emphasizing the "minimal" requirements

---

[32]     If the Court does not approve any material condition of this Settlement Agreement or effects a fundamental change of the Parties' Settlement, with the exception of any changes to the Class Notice Package, the award of Class Counsels' fees/costs, and the award of enhancement payments, then the entire Settlement Agreement will be voidable and unenforceable at the option of either Party hereto. Exhibit "A," Settlement ¶ 56.

[33]     Exhibit "A," Settlement ¶ 7.

[34]     Salassi Decl. ¶ 12.

and "permissive" interpretation of Rule 23(a)(2)); *Baby Neal for and by Kanter v. Casey*, 43 F. 3d 48, 56 (3d Cir. 1994); *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000) (stating that most courts have construed requirements "quite liberally"). A plaintiff may satisfy the commonality requirement by demonstrating either a common legal issue with divergent factual predicates or a common nucleus of facts with divergent legal remedies. *See Hanlon,* 150 F.3d at 1019; *Staton*, 327 F.3d at 953. Furthermore, the presence of merely one common issue of law or fact is sufficient. *See Haley v. Medtronic, Inc.,* 169 F.R.D. 643, 648 (C.D. Cal. 1996); *Slaven,* 190 F.R.D. at 655.

The common questions of law and fact satisfying Rule 23(a)(2)'s requirements[35] include:

i.      Whether Defendant violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal and/or rest periods to its overtime-eligible retail employees;

ii.     Whether Defendant violated applicable IWC Wage Order(s) and/or California Labor Code § 510 by failing to pay all compensation (including overtime) to its overtime-eligible retail employees who worked in excess of forty hours per week and/or eight hours per day;

iii.    Whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of Class Members' hours of work;

iv.     Whether Defendant violated California Labor Code §§ 201-204 by failing to pay Plaintiff  and/or Class Members all wages due and owed during the pendency of employment and/or at the time of the termination of employment with Defendant;

v.      Whether Defendant violated California Labor Code § 226 by failing to provide Class Members with semimonthly itemized statements including total hours worked and all applicable hourly rates in effect during the pay period; and

vi.     Whether Defendant violated Business and Professions Code §§ 17200, *et seq*. by engaging in unfair, unlawful and/or fraudulent business practices.

### 3.      The Settlement Class Satisfies the Typicality Element

The permissive standard of typicality focuses on similarity between the legal theories of the proposed class representatives and the legal theories of class members they seek to represent. *See*

---

[35]     *See, e.g., Hanlon*, 150 F. 3d at 1019 (shared legal issues with divergent factual predicates sufficient for class certification); *Tierno v. Rite-Aid Corp.*, No. 05-2520, 2006 WL 2535056 (N.D. Cal., Aug. 31, 2006) (certifying a class of retail store managers); *Gutierrez v. Kovacevich "5" Farms*, 2004 WL 3745224, at *5 (E.D. Cal. Dec. 2, 2004) (finding commonality satisfied where plaintiffs presented common questions of whether defendants failed to pay plaintiffs for all time worked).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    *Hanlon*, 150 F. 3d at 1020; *Staton v. Boeing Co.*, 327 F. 3d 938, 957 (9th Cir. Wa. 2003).[36] In

2    deciding whether individual variations preclude typicality, the focus should be on the behavior of the

3    defendants. *Day v. NLO*, 851 F.Supp. 869, 884 (S.D. Ohio 1994). Typicality is met here as the

4    claims of the Settlement Class are based on the same legal and factual claims as that of the Plaintiffs.

5                   **4.       Plaintiffs and Their Counsel Satisfy the Adequacy Element**

6              The proposed Class Representatives, Plaintiffs Anita Ragano and Teri McDonald, have and

7    will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

8    The adequacy requirement has two prongs: "(1) [t]hat the representative party's attorney be

9    qualified, experienced, and generally able to conduct the litigation; and (2) that the suit not be

10   collusive and the class representative's interests not be antagonistic to those of the remainder of the

11   class. *See Hanlon*, 150 F. 3d at 1020; *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las

12   Vegas Sands, Inc.*, 244 F. 3d 1152, 1162 (9th Cir. 2001).

13             In this case there is no reason to doubt the adequacy of Plaintiffs' counsel.[37] Nor is there any

14   evidence of antagonism between Plaintiffs' interests and those of the Settlement Class. Plaintiffs

15   have litigated this case in good faith and their interests are coextensive with the Settlement Class, all

16   of whom share a common interest in challenging Defendant's policies concerning payment for all

17   time worked, including off the clock bag checks, and provision of meal and rest breaks.

18             These same reasons—that Anita Ragano and Teri McDonald will fairly and adequately

19   protect the class' interests, that they have has no antagonistic interests to the class, and that they have

20   litigated this case in good faith—supports their appointment as Class Representatives. Moreover, at

21   the Final Approval Hearing, Class Counsel will request an Enhancement Award to compensate Anita

22   Ragano and Teri McDonald for their efforts in prosecuting this matter, and for the risks they faced in

23   doing so.

24

25

26       [36]      The typicality and commonality requirements "tend to merge," and a finding of commonality ordinarily will support a finding of typicality. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982);
27   *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D.Cal. 1987); *California Rural Legal Assistance v. Legal Services Co.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (the named plaintiffs need not be identically situated with all other class members, but must share a "common issue of law or fact.").
28       [37]      *See* Exhibit "B," SCA's Professional Resume.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**C.   THE PROPOSED SETTLEMENT CLASS ALSO MEETS THE REQUIREMENTS OF RULE 23(b)(3)**

In addition to the Rule 23(a) requirements, a district court must also find that common issues of law or fact "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The proposed Settlement Class in this case is sufficiently cohesive to warrant adjudication by representation. *See Hanlon*, 150 F. 3d at 1022. Plaintiffs and the proposed Settlement Class members seek unpaid wages and penalties for work performed as non-exempt employees for Defendant's stores in California. Based on Plaintiffs' allegations that Defendant failed to pay wages or meal and rest break penalties due to company-wide, common policies and procedures, liability could be determined on a class-wide basis. Furthermore, because the "predominance" factor is related to liability, any variation in damages would not defeat class certification. *Blackie v. Barrack*, 524 F. 2d 891, 905-06 (9th Cir. 1975).

Likewise, the class action device proposed herein is "superior to other available methods for the fair and efficient adjudication of the controversy" because it allows all of the Settlement Class members' claims to be fairly, adequately, and efficiently resolved to a degree that no other mechanism or forum would provide. Fed. R. Civ. P. 23(b)(3). As in *Hanlon*, the alternative methods of resolution are individual claims for a relatively small amount of damages. *See Hanlon,* 150 F. 3d at 1023. These claims "would prove uneconomic for potential plaintiffs" because "litigation costs would dwarf potential recovery," resulting in an inferior outcome. *Id*.

Finally, there are no issues of manageability precluding certification of the Settlement Class. Here, the court is addressing a request for a settlement-only class, and need not inquire whether the case would present intractable problems of trial management, even though other requirements under Rule 23 must still be satisfied. *See, e.g., Amchem Products v. Windsor*, 521 U.S. 591, 620 (1997). In any event, as discussed below, the proposed plan of distribution and settlement process is efficient and manageable.

///

///

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**V.     PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL**

Federal Rule of Civil Procedure 23(g) requires that courts consider the following four factors when appointing class counsel: (1) whether counsel has investigated the class claims; (2) whether counsel is experienced in handling class actions and complex litigation; (3) whether counsel is knowledgeable regarding the applicable law; and (4) whether counsel will commit adequate resources to representing the class. *See Morelock Enterprises, Inc. v. Weyerhaeuser Co.*, 2004 WL 2997526, *5 (D. Or. Dec. 16, 2004). Defendant does not dispute that SCA meets these requirements for purposes of the present Settlement; however, even if such appointment was opposed, it is clear from the record presented herein that SCA meets these requirements.

There is no reason to doubt SCA's experience, knowledge or commitment. As revealed by SCA's resume,[38] the firm is highly-experienced and knowledgeable regarding complex federal and state wage and hour class actions like this one. Indeed, the firm has handled scores of meal and rest break cases on behalf of retail store employees and successfully obtained certification of classes alleging claims just like those raised in this lawsuit.[39] SCA fully committed its resources to representing the class in this case and will continue to do so whether or not the Settlement is approved. Accordingly, appointment of SCA as Class Counsel is appropriate.

**VI.     THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY APPROVAL**

Rule 23(e) requires that the court find a class settlement to be fair, reasonable and adequate before entering preliminary or final approval. The primary concern of Rule 23(e) is the "protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." *In re Jiffy Lube Securities Litigation*, 927 F. 3d 155, 158 (4th Cir. 1991). The law favors settlement, particularly in class actions and other complex cases, where substantial

---

[38]     *See* Exhibit "B," SCA's Professional Resume.
[39]     *Id.*

1  resources can be conserved by avoiding the time, cost and rigors of formal litigation. 4 Newberg §

2  11:41; *see also City of Seattle*, 955 F.2d at 1276; *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950

3  (9th Cir., 1976); *Potter v. Pacific Coast Lumber Company*, 37 Cal.2d 592, 602 (1951). These

4  concerns apply with particular force in a case such as this, where an allegedly illegal practice

5  affected thousands of Defendant's current and former employees.

6      At this point, the Court need only determine whether the proposed settlement is within the

7  range of possible approval or "the range of reasonableness," and thus whether notice to the class of

8  the settlement terms and conditions and the scheduling of a formal fairness hearing is worthwhile.

9  *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 234-35 (2001); *see also* 4 Newberg § 11:25-

10  26; *In re Traffic Exec. Ass'n*, 627 F.2d 631, 633-634 (2d Cir. 1980). The Court is granted broad

11  powers to determine whether a proposed settlement is fair under the circumstances of the case.

12  *Wershba*, 91 Cal.App.4th at 234-35; *Mallick v. Superior Court*, 89 Cal.App.3d 434, 438 (1979).

13      Courts balance several factors in determining whether a settlement is fair, adequate and

14  reasonable, including the strength of plaintiffs' case, the risk, expense, complexity and likely

15  duration of further litigation, the risk of maintaining a class action through trial, the amount offered

16  in settlement, the extent of discovery completed, the stage of the proceedings and the experience and

17  views of counsel. *Hanlon*, 150 F. 3d at 1026; *In re Mego Financial Corp. Securities Litig.*, 213 F.3d

18  454, 458 (9th Cir. 2000). While making this fairness determination, courts need also give "proper

19  deference to the private consensual decision of the parties," since "the court's intrusion upon what is

20  otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited

21  to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or

22  overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a

23  whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027. Indeed, as "a

24  settlement is the offspring of compromise," the question upon preliminary approval "is not whether

25  the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from

26  collusion." *Id.* Accordingly, a court should not second guess the parties, or substitute its judgment

27  for that of the proponents of the settlement, particularly when experienced counsel familiar with the

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

litigation have reached settlement. *Hammon v. Berry*, 752 F. Supp. 108 (D.D.C.1990); *Steinberg v. Carey*, 470 F. Supp. 471 (S.D.N.Y. 1979).

## A. THE RISKS, COMPLEXITY, EXPENSE AND LIKELY DURATION OF FURTHER LITIGATION ALL SUPPORT APPROVAL

In order to evaluate the propriety of a settlement, courts look to the complexity, expense and likely duration of the litigation. *Dunk v. Ford Motor Co.,* 48 Cal.App.4th 1794, 1801 (1996); *Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 625 (9th Cir. 1982); *Girsh v. Jepson*, 521 F.2d 153, 157 (1975). In applying this factor, the court should weigh the benefits of the Settlement against the expense and delay involved in achieving an equivalent or even more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971); *Kullar v. Foot Locker Retail, Inc.*, 168 Cal.App.4th 116, 129 (2008) (The trial court "bears the responsibility to ensure that the recovery represents a reasonable compromise, given the magnitude and apparent merit of the claims being released, **discounted by the risks and expenses** of attempting to establish and collect on those claims by pursuing the litigation.") (emphasis added).

The policy under California law that favors and encourages settlement of class actions and other complex cases applies with particular force here. California jurists recognize "an overriding public policy favoring settlement of class actions." *Ferguson v. Lieff, Cabraser, Heimann & Bernstein*, 30 Cal.4th 1037, 1054 (2003) (Kennard, J., concurring) (*citing Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("public policy favor[s] the compromise and settlement of disputes")); *see also In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 805 (3rd Cir. 1995). Employment cases (including wage and hour cases) can be expensive and time-consuming to prosecute. That this is a class action further amplifies the economies of time, effort and expense achieved by this Settlement. The alternative to a class action – i.e., individual litigation – could tax private and judicial resources over a period of years and, given the relatively modest amount of damages each class member allegedly incurred, would be uneconomical even for those with the finances, sophistication and tenacity to secure individual legal representation.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

This Settlement, on the other hand, provides to *all* class members, regardless of their means, the opportunity for a monetary recovery in a prompt and efficient manner, without the risk of the Court denying class certification and the resultant recovery of nothing at all. Should the Court deny final settlement approval, most class members will, as a practical matter, be left without any remedy at all and, should any claimant elect to pursue his or her claim anyway, any one or more courts throughout California may be called upon to address the issues presented here in a costly piecemeal process. With that in mind, this Settlement is consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits." *Van Bronkhorst*, 529 F.2d at 950 (footnote omitted); *Potter*, 37 Cal.2d at 602; 4 *Newberg* § 11.41 at 87-89.

## B. THE WORK PERFORMED BY COUNSEL SUPPORTS APPROVAL OF THE SETTLEMENT

The terms of the Settlement were negotiated after both sides conducted discovery, exchanged mediation-specific data, and utilizing mediation with an experienced mediator.[40] The end result of this work is a Settlement that experienced Plaintiffs' counsel believe is a great result for the class. It commits Defendant to pay up to $2,000,000.00 in exchange for a release of class claims. Plaintiffs believe that such a Settlement is, under the circumstances, clearly fair, adequate, and reasonable and that it provides for reasonable compensation to Class Members. Likewise, Settlement Class members will receive a payment under the Settlement much quicker than if they pursued their claims through trial and appeal.

The distribution calculations to Class Members are fair, objective, and reasonably approximate the relative damages suffered by each Class Member. This proposed plan of distribution takes into account factors that would affect class member recoveries if this litigation were successfully concluded through judgment, such as the length of their employment.

///

///

///

---

[40] Salassi Decl. ¶ 17.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**VII.     THE PROPOSED CLASS NOTICE AND CLAIMS PROCESS SATISFY DUE PROCESS**

**A.     THE SETTLEMENT DOCUMENTS SATISFY DUE PROCESS AND MEET ALL OF THE ELEMENTS OF RULE 23(c)(2)(B)**

Rule 23(c)(2)(B) provides that the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice should describe: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel if the member so desires; (5) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and (6) the binding effect of a class judgment on class members under Rule 23(c)(3). *See* Fed. R. Civ. P. Rule 23(c)(2)(B). Courts have approved class notices even when they have provided only general information about a settlement. *See, e.g., Mendoza v. United States*, 623 F. 2d 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement" satisfies standards); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (Class Notice "need only describe the terms of the settlement generally.").

The content of the proposed Class Notice Package[41] fully complies with due process and FRCP Rule 23. The Class Notice provide the definition of the class, describe the nature of the action, provide specifics regarding the date, time, and place of the Final Approval Hearing, and informs class members what their options are upon receiving the notice (i.e., opt out, file a claim, or object). The Class Notice explains that the settlement release will apply to Class Members' claims unless they timely opt out from the Settlement, and also informs them that the settlement amount will be used to compensate Plaintiffs' Counsel for the approved amount of costs and fees, the cost of claims administration, the class representatives' approved enhancement award, and payment to the California Labor & Workforce Development Agency ("LWDA") for release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 *et seq.*

---

[41]     Attached to this Settlement Agreement are the Class Notice (Exhibit A) and Claim Form (Exhibit B) (collectively the "Class Notice Package")." Exhibit "A," Settlement ¶ 34.

**B.    THE NOTICE PLAN AND CLAIMS PROCESS SATISFY DUE PROCESS BECAUSE THEY ARE CALCULATED TO GIVE ALL SETTLEMENT CLASS MEMBERS NOTICE**

The Settlement contemplates that the Class Notice Package will be mailed individually by the Claims Administrator to the last known address of Settlement Class Members as identified through Defendant's records following the entry of an Order granting preliminary approval of the Settlement.[42] Such a notice plan satisfies due process and Rule 23(c)(2)(B). The Claims Administrator will run the class member database through the National Change of Address database, and will use the most recent address for each class member – either from Defendant's records or the National Change of Address database – when mailing the Class Notice Package.[43] With respect to any returned envelopes, the Claims Administrator will take reasonable steps to locate any class member whose Class Notice Package is returned as undeliverable, such as a skip trace procedure to obtain a current address and, if an updated address is located, then re-mail the envelope to such address within 5 calendar days of the receipt of the returned envelope.[44]

The Class Notice provides instructions on how to opt-out. Persons who submit valid and timely requests will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action. If a member of the Plaintiff Class submits a timely Claim Form and also makes a request for exclusion, the Claim Form shall be valid and the member's request for exclusion shall be considered null and void.

Settlement Class members will have thirty days from the date of mailing to submit claims, opt-out requests, or to object to the Settlement, giving them sufficient time to comment on the Settlement. *Cf. Torrisi v. Tucson Elec. Power Co.*, 8 F. 3d 1370, 1375 (9th Cir. 1993).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[42]    Exhibit "A," Settlement ¶¶ 34-36.
[43]    Exhibit "A," Settlement ¶ 36.
[44]    Exhibit "A," Settlement ¶ 36.

Notice of Motion and Motion for Preliminary Approval of Class Settlement; Memorandum of Points & Authorities

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# VIII. THE PARTIES REQUEST THAT THE COURT SET A FINAL SETTLEMENT APPROVAL SCHEDULE

Plaintiffs recommend the following schedule following the issuance of an Order Granting Preliminary Approval of Class Action Settlement

| Date/Triggering Event: | Event: |
|---|---|
| 10 calendar days after Preliminary Approval | Deadline for Defendant to provide Claims Administrator with a database of the Class Members' (1) names, social security numbers, last known addresses, home telephone number and e-mail address, and (2) data pertaining to the dates of employment that each member of the Plaintiff Class was employed by Defendant during the Settlement Period. |
| 20 calendar days after entry of an Order granting preliminary approval of this Settlement Agreement, including Class Notice Package | Deadline for Claims Administrator to mail Class Notice Package.[45] |
| 30 days after Class Notice Package mailed (absent a showing of good cause by any member of Plaintiff Class) | Last day for Class Members to file claims,[46] opt out,[47] or object to the Settlement.[48] |
| 14 days before Final Approval Hearing | Last Day for counsel to file Motion for Final Approval. |

# IX. CONCLUSION

Based on the foregoing, and because the settlement is beneficial to the Class Members and will efficiently, economically and favorably resolve what would have been an otherwise protracted and expensive litigation, Plaintiffs respectfully urge the Court to grant Preliminary Approval of the instant Settlement.

---

[45] Exhibit "A," Settlement ¶ 34.
[46] Exhibit "A," Settlement ¶ 38.
[47] Exhibit "A," Settlement ¶ 39.
[48] Exhibit "A," Settlement ¶ 40.

Dated:  October 12, 2012

SCOTT COLE & ASSOCIATES, APC


By:   /s/ Hannah R. Salassi
Hannah R. Salassi, Esq.
Attorneys for the Representative Plaintiffs
and the Plaintiff Class