Scott Edward Cole, Esq. (S.B. # 160744)
Hannah R. Salassi, Esq. (S.B. # 230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANITA C. RAGANO, TERI MCDONALD, individually, and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>MICHAELS STORES, INC., and DOES 1 through 100, inclusive,<br><br>               Defendants | Case No. CV-11-3908 CRB<br><br>**CLASS ACTION**<br><br>**DECLARATION OF HANNAH R. SALASSI IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER: (1) GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT; (2) GRANTING CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS; (3) APPOINTING CLASS COUNSEL; (4) APPOINTING CLASS REPRESENTATIVES; (5) APPOINTING CLAIMS ADMINISTRATOR; AND (6) APPROVING CLASS NOTICE AND CLAIM FORM AND TIMELINE FOR ADMINISTRATION**<br><br>Date: October 26, 2012<br>Time: 10:00 a.m.<br>Dept.: Courtroom 6 - 17th Floor<br>Judge: Hon. Charles Breyer |

I, Hannah R. Salassi, declare:

    1. I am an attorney-at-law, licensed to practice in all jurisdictions of this State, and I am an Associate attorney with the law offices of Scott Cole & Associates, APC ("SCA" or "Class Counsel"), attorneys-of-record for Representative Plaintiffs Anita C. Ragano and Teri McDonald

---
-1-
Declaration of Hannah R. Salassi in Support of Plaintiffs' Motion for Preliminary Settlement Approval

("Plaintiffs") and the Plaintiff Class in the above-entitled action. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2. I make this declaration in support of Plaintiffs' Motion for Preliminary Approval.

**PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS**

3. Plaintiff Anita Ragano filed this lawsuit on July 5, 2011 in the Superior Court for the State of California, in and for the County of San Mateo, Case Number CIV 506818, and Plaintiff Teri McDonald was subsequently added on September 1, 2011.

4. This matter was removed to the United States District Court, Northern District of California, on August 9, 2011.

5. Defendant filed their Answer on December 23, 2011.

6. The parties engaged in formal and informal discovery. Defendant's requests for production of documents were served on November 23, 2011 and Plaintiffs responded on January 11, 2012. Plaintiffs served interrogatories and requests for production of documents on December 2, 2011 and Defendant responded on January 20, 2012. Site inspections of three Michaels stores were completed on March 16, 2012. The deposition of Anita C. Ragano was completed on July 26, 2012. In addition, Plaintiffs obtained surveys from more than 106 class members regarding security inspections at Defendant's stores.

7. The mediation session took place on August 7, 2012, facilitated by David Rotman, Esq., who was selected due to his experience with wage hour class actions.

8. Prior to mediation, Defendant provided data points, including the class size, average hourly rates, and number of shifts during the class period. This data, along with the issues presented during the mediation, allowed Plaintiffs and Defendant to intelligently evaluate the propriety of class certification, prevailing on the merits and the potential value of Class Members' claims. These efforts also allowed Class Counsel to evaluate the potential litigation risks facing Plaintiffs and the class members.

9. The parties were able to reach an understanding at the mediation.

10. On October 11, 2012, all named parties and their respective counsel had executed the Settlement and agreed to its terms.

**TERMS OF THE SETTLEMENT AGREEMENT**

11. Attached hereto as **Exhibit "A"** is a true and correct copy of the fully-executed Class Action Settlement and Release of Claims ("Settlement").

12. The Settlement encompasses all claims asserted by the Representative Plaintiffs on behalf of a class of, as estimated by Defendant, more than 24,000 persons who are and/or were employed by Michaels Stores, Inc. in the State of California as non-exempt employees from July 5, 2007 through the date of preliminary approval. Defendant agrees to pay a total of up to Two Million Dollars ($2,000,000.00), with a 60% Floor.

13. The Settlement provides for payment of attorneys' fees (not to exceed 33 1/3% of the Gross Settlement Amount) and actual litigation costs, an enhancement award to the named Plaintiffs (not to exceed $2,500 for Teri McDonald and $5,000 for Anita Ragano ), payment to the California Labor & Workforce Development Agency ("LWDA") for release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 *et seq*, and settlement administration costs.

14. Each member of the Plaintiff Class shall be entitled to receive a pro rata portion of the Net Settlement Fund (his/her "Individual Settlement Share"), calculated based upon the number of weeks worked thereby during the Settlement Period, divided by the total number of workweeks worked by all Plaintiff Class Members during said period. The Settlement Administrator will calculate the number of workweeks worked by Qualified Claimants, the amount to be paid per workweek, and the Individual Settlement Share to be paid to each Qualified Claimant. If the aggregate amount of Settlement Class Members' Individual Settlement Shares equals less than the Floor, then each Settlement Class Member's Individual Settlement Share will be increased on a pro-rata basis until the aggregate amount of Settlement Class Members' Individual Settlement Shares equals/meets the Floor. Any remaining monies from the Net Settlement Fund will revert to Defendant.

**FAIRNESS AND ADEQUACY OF THE PROPOSED SETTLEMENT**

15. On behalf of the putative class members and the Representative Plaintiffs, Class Counsel conducted due diligence before entering into the mediation process.

16. In addition to formal discovery requests and class member surveys, in anticipation of the mediation session, SCA requested that Defendant provide additional data to allow Plaintiffs to fully evaluate the strength and monetary value of the Class Members' claims. As part of this informal pre-mediation exchange, Defendant produced various data points addressing items such as the number of Class Members, the number of shifts, the number of terminated employees, the average hourly rate of Class Members and their average length of employment. Through these efforts, Plaintiffs' counsel obtained sufficient discovery to evaluate the propriety of class certification and likelihood of prevailing on the merits.

17. This Settlement was reached only after extensive, hard-fought adversarial negotiations. Prior to the mediation session, Plaintiffs submitted a thorough Mediation Brief summarizing the facts and legal theories surrounding Plaintiffs' and the class's claims, the state of applicable law and a comprehensive class-wide damages analysis. The terms of the Settlement were negotiated after both sides conducted discovery, exchanged mediation-specific data, and utilizing mediation with an experienced mediator.

18. The Representative Plaintiffs' claims arise from the same facts and is based on the same legal theories as those applicable to the class as a whole. I am aware of no conflict between the Representative Plaintiffs and the plaintiff class. Representative Plaintiffs present no additional legal claims beyond those held by other class members, acted responsibly during the course of the litigation, and fulfilled their duties as representatives of the class.

19. Class Counsel evaluated the Settlement by weighing the maximum damages available to the class members for their overtime and statutory break claims against the relevant risk factors. These risks included:

- The great discretion afforded trial courts in electing to grant or deny class certification, and the possibility that this Court would deny certification of the proposed class, resulting in no recovery whatsoever for those unnamed class members.

- Defendant's likely argument that, even if found liable for wages for off-the-clock "bag checks," meal and rest period violations and/or failure to pay overtime compensation, the class members' damages were *de minimus* and/or non-existent.

- Defendant's likely argument that, even if found liable for wages for off-the-clock "bag checks," meal and rest period violations and/or failure to pay overtime compensation, the class lacked sufficient evidence to legally establish their damages.

20. Class Counsel further considered the arguable presence of various penalties and punitive recoveries, some of which were pled in the Complaint to comply with class counsel's ethical obligation to plead all arguable available forms of recovery at the time of filing (*see Janik v. Rudy, Exelrod & Zieff*, 119 Cal. App. 4th 930 (2004)) and weighed those potential recoveries against the probable defenses and likelihood of success. Specifically, and without in any way making any admission as to the validity of such defenses, Class Counsel considered, *inter alia*:

- Labor Code § 203: Defendant's likely argument that Plaintiffs could not show its actions to be "willful," entitling the class to a recovery under this statute;

- Labor Code § 226: Defendant's likely argument that Plaintiffs could not show that there was an "injury" entitling the class to a recovery under this statute.

21. Class Counsel's opinion that this settlement represents a fair, adequate, and reasonable result for the class is based on its weighing of the maximum possible recovery against the strengths of the defenses to class certification, liability, and damages as outlined in this declaration.

22. Based thereon, Class Counsel reached the conclusion that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the class.

### CLASS COUNSEL

23. SCA is devoted almost exclusively to the prosecution of wage and hour class action matters such as this. SCA has prosecuted scores of class actions, the vast majority of which involved the same legal issues that are present in this litigation. SCA's attorneys are very knowledgeable regarding class certification and wage and hour issues, and have written scholarly articles and speak regularly at conferences on these issues. More detail in this regard is contained in SCA's professional resume, a true and correct copy of which is attached hereto as **Exhibit "B."**

24. Consistent with the negotiated Settlement Agreement, SCA may request an award of fees equal to 33 1/3% of the Gross Settlement Amount, in light of the risks incurred and benefits procured on behalf of the Settlement Class. Defendant does not oppose this request.

**SETTLEMENT NOTICE AND ADMINISTRATION**

25. The parties have agreed that Kurtzman Carson Consultants will be the Settlement Administrator. The Settlement Administrator is responsible for implementing the terms of the Settlement related to notice and payment to class members and related matters.

26. The proposed notice package, consisting of the Notice of Class Action Settlement ("Class Notice") and Claim Form (collectively "Class Notice Package"), are attached to the Settlement Agreement as Exhibits "A" and "B," respectively, which is attached hereto as Exhibit "A." The Notice fairly apprises class members of the proposed terms of the Settlement including administration costs and Plaintiffs' litigation expenses. The Notice additionally sets forth the overall settlement value, the amount of Plaintiffs' attorneys fees, the amount of the enhancement awards to the Representative Plaintiffs, and payment to the California Labor & Workforce Development Agency ("LWDA") for release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 *et seq.*

27. The Notice explains to class members their rights and options; to wit, the class members may collect their share of the Settlement, request exclusion from the Settlement, or object to the terms thereof.

**REQUEST FOR FEES AND COSTS**

28. The terms of the Settlement were negotiated at the August 7, 2012 mediation.

29. Per the Settlement Agreement, Class Counsel may request 33 1/3% of the Gross Settlement Amount for attorneys' fees, plus actual litigation costs.

30. At all times throughout this litigation, each of the attorneys, law clerks, paralegals and legal assistants for Class Counsel maintained contemporaneous time records reflecting the actual time spent on this matter.

31. To date, Class Counsel has advanced $14,383.00 in unreimbursed litigation costs in connection with the investigation, prosecution, and settlement of this action. Class Counsel anticipates that an additional amount will be incurred in obtaining final settlement approval and will request the same at the Final Approval Hearing.

32. Finally, barring unforeseen circumstances, Class Counsel plans to request an enhancement award for the Representative Plaintiffs pursuant to the Settlement and subject to Court approval.

I declare, under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed October 12, 2012 at Oakland, California.

                                                  /s/ Hannah R. Salassi, Esq.
                                                  Hannah R. Salassi, Esq.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800