# EXHIBIT A

## MICHAELS STORES, INC. "WAGE AND HOUR"
## CLASS ACTION SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered into by and between defendants Michaels Stores, Inc., and all of its present and former parent companies, affiliated companies, subsidiaries, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, including but not limited to Aaron Brothers, Inc. and Artistree, Inc. (collectively "Defendant"), on the one hand, and Representative Plaintiffs Anita C. Ragano and Teri McDonald ("Representative Plaintiffs," "Class Representatives" and/or "Plaintiffs") on behalf of themselves individually, and on behalf of all members of the "Plaintiff Class" as described herein, on the other.

## DEFINITIONS

1.      "Class Counsel" is Scott Edward Cole, Esq. and Hannah R. Salassi, Esq. of Scott Cole & Associates, APC.

2.      "Defendant's Counsel" is Gregory W. Knopp, Esq. and Gary M. McLaughlin, Esq. of Akin, Gump, Strauss, Hauer & Feld LLP.

3.      "Gross Settlement Fund" refers to the maximum amount of Two Million Dollars ($2,000,000.00) that Defendant will make available for payment, in its entirety, if necessary, pursuant to this Settlement Agreement, subject to the claims procedure and retention of unclaimed amounts by Defendant as described in this Settlement Agreement.

4.      "Net Settlement Fund" shall be calculated by deducting approved Class Counsel's approved attorneys' fees and approved litigation costs, the service payment to the Representatives Plaintiffs, the payment to the California Labor & Workforce Development Agency ("LWDA") for

release of claims under the Private Attorneys General Act ("PAGA") under Labor Code §§ 2699 *et seq*., and the fees and expenses of the Settlement Administrator from the Gross Settlement Fund.

5.      "Floor" means 60% of the Net Settlement Fund.

6.      "Parties" refers to the Class Representatives, the Plaintiff Class and Defendant, collectively.

7.      "Plaintiff Class" comprises the following class: All current and former non-exempt Michaels employees working at any Michaels store in California from the date four years prior to the commencement of the lawsuit, July 5, 2007, until the date of preliminary approval of the settlement (the "Class Period").

8.       "Qualified Claimant" comprises all members of the Plaintiff Class who timely submit a valid Claim Form consistent with the Claim Process as described herein.

9.      "Settlement Class" comprises all members of the Plaintiff Class who do not timely and properly request exclusion from the Settlement, consistent with the Claim Process as described herein.

10.      "Settlement Administrator" refers to the third party company responsible for administering the Settlement. The claims administration shall be administered by Kurtzman Carson Consultants.

11.      "Settlement Administration Expenses" are those expenses incurred by the Settlement Administrator in effectuating the Settlement.

12.      "Settlement Period" is July 5, 2007 through the Effective Date (as defined below).

## **BACKGROUND**

13.      This Settlement Agreement affects claims of the Plaintiff Class arising during the Settlement Period as defined above. Plaintiffs allege that Defendant failed to provide proper meal and rest periods, required members of the Plaintiff Class to work off-the-clock, failed to pay all wages due, failed to pay overtime, failed to properly and fully pay wages on termination, failed to provide accurate itemized wage statements, and engaged in unfair competition and seek, on Plaintiffs' own behalf, and on behalf of the class alleged therein, unpaid wages and interest thereon,

penalties, liquidated damages, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of Regulations, Business & Professions Code §§ 17200 *et seq.*, various Industrial Welfare Commission Wage Order(s), California Code of Civil Procedure §1021.5 and various provisions of the California Labor Code.

14.     Defendant denies that it violated the law in any manner alleged in the Complaint or otherwise. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

15.     In or about August 2012, the Parties reached an agreement to settle the claims of the Plaintiff Class as alleged by Plaintiffs.

16.     The Parties intend to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising during the Settlement Period alleged by the Plaintiff Class, as defined above, as well as known and unknown wage and hour claims which could have been brought based on the specific factual allegations contained in the Complaint.

17.     The Parties intend that this Settlement Agreement shall include a full and complete settlement and release, as described herein, and which includes in its effect all present and former parent companies, subsidiaries, shareholders, officers, directors, attorneys, insurers, affiliates, employees, agents, employee benefit plans, successors and assigns of Defendant.

18.     Class Counsel represent that they have conducted a sufficiently-thorough investigation into the claims of the Plaintiff Class against Defendant. Based on their own independent investigation and evaluation and all known facts and circumstances, including the risk of significant defenses asserted by Defendant, Class Counsel are of the opinion that the Settlement with Defendant is fair, reasonable, and adequate and is in the best interest of the Settlement Class.

19.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement and to effectuate all aspects of this Settlement Agreement.

## CERTIFICATION OF THE PLAINTIFF CLASS
## FOR SETTLEMENT PURPOSES ONLY

20.    For settlement purposes only, the Parties agree that the Plaintiff Class shall be certified. This Settlement Agreement is contingent upon the approval and certification by the Court of the Plaintiff Class for settlement purposes only. Defendant does not waive, and instead expressly reserves, its rights to challenge the propriety of class certification for any purpose should the Court not approve the Settlement Agreement. In connection with the proposed certification of the Plaintiff Class, the Parties shall cooperate and present to the Court for its consideration competent evidence, as may be requested by the Court, under the applicable due process requirements and standards for class certification.

## SETTLEMENT APPROVAL PROCEDURE

21.    This Settlement Agreement will become final and effective upon occurrence of all of the events described in paragraphs 22 through 27, inclusive.

22.    Execution of this Settlement Agreement by the Parties and their respective counsel of record, and execution of individual settlement agreements and general releases by the Representative Plaintiffs releasing all claims arising out of or relating to their employment or termination of employment with Defendant, waiving all rights and benefits afforded by California Civil Code Section 1542, and also waiving any right to re-hire by Defendant.

23.     Entry of an Order by the Court (a) granting preliminary approval of the Settlement Agreement, including conditional certification of the Plaintiff Class for settlement purposes only, (b) approving the proposed Class Notice and Claim Form (the Parties' proposed forms are attached hereto as Exhibits A and B respectively), and (c) scheduling a hearing date for final approval of the Settlement Agreement.

24.    Filing by Class Counsel, on or before the date of the final approval hearing, the Settlement Administrator's verification, in writing, that the Class Notice to the Plaintiff Class has been disseminated in accordance with the Court's preliminary approval Order.

25.    The Parties agree that Defendant may cancel the settlement if the Opt-Out rate equals or exceeds 5% of all members of the Settlement Class ("Excessive Opt-Out Percentage"), or if the

Court rejects or adds any material terms of the Agreement, whether based on objections or otherwise.  In the event Defendant elects to terminate the Settlement Agreement due to the number of individuals opting out of the settlement equaling or exceeding the Excessive Opt-Out Percentage, the Parties agree that the Defendant may do so by providing written notice to Class Counsel of same within ten business (10) days after the expiration of the right of the Plaintiff Class Members to Opt-Out of the Settlement Agreement.

26.     Entry of an Order by the Court granting final approval of the Settlement Agreement.

27.     Occurrence of the "Effective Date," which, if there are no timely objections by members of the Plaintiff Class and/or any such objections have been withdrawn prior to the final approval hearing, shall be the date the Court signs an Order granting final approval of the Settlement Agreement. If timely objections are filed by one or more members of the Plaintiff Class which are not thereafter withdrawn prior to the final approval hearing, the Effective Date shall be the date that the Court's Order granting final approval to the Settlement Agreement is no longer appealable or if such an appeal is filed, the date on which the appeal is final.

28.     David A. Rotman shall hear and resolve any issues that may arise during the pendency of the approval process.

## SETTLEMENT PAYMENT AND CALCULATION OF CLAIMS

29.     In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, as follows:

30.     <u>Settlement Amount</u>: Defendant agrees to pay a total of up to a maximum of Two Million Dollars ($2,000,000.00) with a 60% Floor, as defined above. This amount includes payments to Settlement Class Members who timely submit valid claims, an Enhancement Award (i.e., service payment) to the Class Representatives ($5,000.00 for Anita Ragano and $2,500.00 for Teri McDonald), $7,500.00 for the release of any Private Attorneys General Act ("PAGA") claims that could be asserted, fees and expenses of the Settlement Administrator, Class Counsel's approved attorneys' fees (in an amount not to exceed 33 1/3% of the total settlement amount), Class Counsel's actual litigation costs, and any other payments provided by this Settlement. Defendant shall transfer

funds sufficient to fully fund the settlement to the Settlement Administrator within ten (10) business days of the Effective Date. If the Settlement Class Members' Settlement Shares (as defined below) are less than the Floor, then the value of each Settlement Class Member's Settlement Share will be increased on a pro-rata basis to meet the Floor.

a.    Attorney's Fees and Costs: Following final approval of this Settlement Agreement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33 1/3% of the total settlement amount, plus actual costs incurred. Defendant will not oppose such application. If the Court does not approve the award sought by Plaintiffs' counsel, the difference between this amount and the actual amount approved shall be returned to the Net Settlement Fund to be distributed to the Settlement Class Members, according to the formula and claims procedure set forth below. These fees and costs are included in, and come from, the Gross Settlement Fund and will be paid directly to Class Counsel within ten (10) business days after Defendant funds the settlement. Class Counsel will be issued an IRS Form 1099 for their award of attorneys' fees.

b.    Enhancement Award: Subject to Court approval, and contingent on execution of individual settlement agreements and general releases by the Representative Plaintiffs, in addition to any payment the Representative Plaintiffs receive in their capacity as Class Members they will receive an Enhancement Award from the Gross Settlement Fund for their services as Class Representatives in an amount up to Five Thousand Dollars ($5,000.00) for Anita Ragano and Two Thousand Five-Hundred Dollars ($2,500.00) for Teri McDonald. The Class Representatives' enhancement award will be distributed by the Settlement Administrator within ten (10) business days after Defendant funds the settlement, and will include the issuance of an IRS Form 1099 in connection with this payment.

c.    Settlement Awards to Class Members: Each Qualified Claimant shall be entitled to receive a pro rata portion of the Net Settlement Fund (his/her "Individual Settlement Share"), calculated based upon the number of weeks worked thereby during the Class Period, divided by the total number of workweeks worked by all Plaintiff Class Members during said period.

The Settlement Administrator will calculate the number of workweeks worked by Qualified Claimants, the amount to be paid per workweek, and the Individual Settlement Share to be paid to each Qualified Claimant. If the aggregate amount of Qualified Claimants' Individual Settlement Shares equals less than the Floor, then each Qualified Claimant's Individual Settlement Share will be increased on a pro-rata basis until the aggregate amount of Qualified Claimants' Individual Settlement Shares equals/meets the Floor. Any remaining monies from the Net Settlement Fund will be retained by Defendant. This formula was devised as a practical and logistical tool to simplify and keep most equitable the claim process and the relative value of Settlement Class Members' Individual Settlement Shares, and it is understood that the Gross Settlement Fund may have been set at a value substantially less, absent these provisions, thereby devaluing the entitlement of Settlement Class Members' recoveries. To the extent a Qualified Claimant has previously released or settled claims covered by the release in this Settlement Agreement, the workweeks included in the time period covered by the scope of that previous release or settlement will not be counted for purposes of calculating the Qualified Claimant's Individual Settlement Share.  If such a release or settlement includes all time periods the individual worked in a position covered by the Plaintiff Class definition, then that individual will not be considered a member of the Plaintiff Class.  Defendant will provide proof to the Settlement Administrator and to Class Counsel (subject to redaction of sensitive information, including dollar amounts of settlements, and subject to the Parties' Protective Order in this matter) of any such previous releases or settlements that it contends apply.   Settlement Class Members' settlement checks shall be distributed by the Settlement Administrator within ten (10) business days after Defendant funds the settlement.

d.     Payments to the California Labor & Workforce Development Agency:  The Parties shall apply to the Court for approval of a payment under the California Private Attorneys General Act ("PAGA"), Labor Code §§ 2699 *et seq*. The Parties have agreed to allocate Seven Thousand Five-Hundred Dollars ($7,500.00) (the "PAGA Payment") from the Gross

Settlement Amount towards a release of the PAGA claims, as described more fully herein. The Parties agree that this amount is reasonable in light of the facts and circumstances presented in the Action. The California Labor & Workforce Development Agency ("LWDA") shall be paid seventy-five percent (75%) of the total amount allocated towards and approved for PAGA claims from the Gross Settlement Fund within ten (10) business days after Defendant funds the settlement as noted herein. Twenty-five percent (25%) of the total amount allocated towards and approved for PAGA claims shall be included in the calculation of the Net Settlement Fund and thereafter distributed to the Settlement Class in accordance with the terms of this agreement. In the event the LWDA or Court rejects this allocation, the Parties will meet and confer with the Court and the LWDA to reach a penalty allocation that is acceptable to all Parties and that does not materially alter the terms of the Settlement Agreement. Notably, the LWDA has been notified of the pendency of this action, and the LWDA has elected not to pursue penalties or any other remedy for the alleged violations described in the Complaint.

e.    Cost of Settlement Administration: The fees and expenses of the Settlement Administrator shall be paid from the Gross Settlement Fund within ten (10) business days after Defendant funds the settlement. If Defendant opts to terminate the Settlement Agreement pursuant to the terms of this agreement, then Defendant shall bear the cost of such fees and expenses. If the Settlement Agreement is not given final approval by the Court for any other reason, the Parties shall bear the cost of such fees and expenses equally.

## ALLOCATION AND TAX TREATMENT

31.    The Parties agree that one-third (33 1/3%) of the Individual Settlement Share that is distributed to each Qualified Claimant will be considered penalties and one-third (33 1/3%) will be considered interest. The penalties and interest portion will be reported as such to each Qualified Claimant via an IRS Form 1099. The Parties agree that the remaining one-third (33 1/3%) of the amount distributed to each Qualified Claimant will be considered wages and will be reported as such to each Qualified Claimant on a W-2.  Neither the terms of this Settlement Agreement nor any

payments paid to any Settlement Class members shall have any effect on the eligibility or calculation of employee benefits of any Settlement Class member.

32.     All Parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law. Any tax obligation arising from the Settlement Payments, Class Representatives' enhancement payments and/or Class Counsels' fees and costs made under the terms of this Agreement, other than payroll taxes for which Defendant is responsible, will be the sole responsibility of each person receiving such payment(s). Each Qualified Claimant is responsible to pay his or her portion of the taxes due on any payment he or she receives under this Settlement Agreement.

## APPOINTMENT OF SETTLEMENT ADMINISTRATOR

33.     The Settlement Administrator will perform the duties of distributing notice, independently reviewing the Claim Forms, and verifying and distributing any amounts due to Qualified Claimants (including distribution of appropriate tax forms and tax reporting) as described in this Settlement Agreement. The Settlement Administrator will report, in summary or narrative form, the substance of its findings. All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

## NOTICE TO THE PLAINTIFF CLASS

34.     Attached to this Settlement Agreement are the Class Notice (Exhibit A) and Claim Form (Exhibit B) (collectively the "Class Notice Package"). Plaintiff Class Members shall not be required to pay return postage on the Claim Form and the cost of such postage shall be included in the fees and costs of the Settlement Administrator. Subject to Court approval of content, the Class Notice Package shall be sent to the Plaintiff Class, by first class mail, within twenty (20) business days of the entry of an Order granting preliminary approval of this Settlement Agreement.  Only a

single mailing of the Class Notice Package will be sent, except with respect to the remailing of returned envelopes described below in Paragraph 36.

35.     Defendant will provide to the Settlement Administrator, within ten (10) business days of the entry of an Order granting preliminary approval of the Settlement and Class Notice, a database, including (1) the names, last known addresses, and last known home telephone number for each member of the Plaintiff Class, and (2) data pertaining to the dates of employment and number of workweeks (to be calculated by the Settlement Administrator) that each member of the Plaintiff Class was employed by Defendant during the Settlement Period. In addition thereto, the database provided to the Settlement Administrator shall also contain Social Security numbers for members of the Plaintiff Class. Defendant agrees to provide these Databases in a format reasonably acceptable to the Settlement Administrator.

36.     The Settlement Administrator will use the United States Postal Service National Change of Address ("NCOA") List to verify the accuracy of all addresses before the initial mailing date to ensure that the Class Notice is sent to all Plaintiff Class Members at the addresses most likely to result in immediate receipt of the claim documents. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Class Notice. With respect to any returned envelopes, the Settlement administrator will perform a routine skip trace procedure to obtain a current address and, if an updated address is located, then re-mail the envelope to such address within five (5) calendar days of the receipt of the returned envelope. Plaintiff Class Members to whom Class Notices were resent after having been returned undeliverable to the Settlement Administrator shall have ten (10) calendar days thereafter to file a claim, object, or opt out of the settlement. Class notices that are re-mailed shall be accompanied by a short cover letter from the Settlement Administrator informing the recipient of this adjusted deadline. No third mailing shall occur.

37.     Class Counsel shall provide the Court, at least five (5) calendar days prior to the final approval hearing, a declaration by the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Class Notice.

## CLAIMS PROCESS

38.     Absent a showing of good cause, no Claim Form will be honored if postmarked more than thirty (30) calendar days after the date mailed to the Plaintiff Class, or if postmarked more than ten (10) calendar days after re-mailing thereto in the circumstance of returned undeliverable mailings.  "Good cause" shall require a showing of inability to submit and postmark a Claim Form on time due to extraordinary circumstances or hardship.  By way of example, neither inadvertence nor an allegation by a Settlement Class member that he or she did not receive the Class Notice or Claim Form shall be sufficient to show good cause for honoring a late Claim Form.

39.     Members of the Plaintiff Class may opt-out of the Settlement by following the directions in the Class Notice attached hereto as Exhibit A. Any such request must be postmarked not more than thirty (30) calendar days after the date the Class Notice Package is mailed to the Plaintiff Class (or not more than ten (10) calendar days after the date the Class Notice is re-mailed, in the circumstance described above). Requests to opt-out that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective. Persons who are eligible to and do submit valid and timely requests to opt-out of the Settlement will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action. If a member of the Plaintiff Class submits a timely Claim Form and also makes a request for exclusion, the Claim Form will control and the request for exclusion shall be considered null and void, regardless of which is submitted or postmarked first.

40.     Objections to the Settlement must be filed with the clerk of the court and served on Class Counsel and Defendant's Counsel no later than thirty (30) calendar days after the Class Notice Package is sent (or not more than ten (10) calendar days after the date the Class Notice is re-mailed, in the circumstance described above).

41.     Objections must describe why the objector believes the Settlement is unfair and whether the objector intends to appear at the final approval hearing. Deficient or untimely Objections shall not be considered.

42.     All original Claim Forms must be sent via U.S. mail directly to the Settlement Administrator at the address indicated on the Claim Form. The Settlement Administrator will review

the Claim Forms and make any calculations of payments to be distributed as described above by reviewing the Claim Forms and documentation provided by Defendant. The Settlement Administrator will certify jointly to Class Counsel and Defendant's Counsel what claims were timely filed. If a member of the Plaintiff Class does not submit and postmark a valid Claim Form on or before the Claim Deadline, the Individual Settlement Share otherwise payable to said Class Member will be retained by Defendant.

43.     Upon completion of its calculation of payments, the Settlement Administrator will provide Class Counsel and Defendant's counsel with a report listing the amount of all payments to be made to each Qualified Claimant. After receiving the Settlement Administrator's report, Class Counsel and Defendant's Counsel shall jointly review same to determine if the calculation of payments to Settlement Class members is consistent with this Settlement.

44.     In the event a Claim Form is submitted timely but is deficient in one or more aspects, the Settlement Administrator will return the Claim Form to the Plaintiff Class member with a letter explaining the deficiencies and stating that the Plaintiff Class member will have seven (7) calendar days from the date of mailing of the deficiency notice to correct the deficiencies and resubmit the Claim Form. The resubmitted Claim Form must be facsimiled or postmarked within seven (7) calendar days of the date of the deficiency notice to be considered timely unless there is a showing of good cause for additional time.

45.     Defendant will not retaliate against Members of the Plaintiff Class for any actions taken or not taken with respect to this Settlement.

## CLAIM FORM DISPUTE PROCESS

46.     The Claim Form will apprise each member of the Plaintiff Class of the approximate dates he or she held an eligible position during the Settlement Period as well as his or her total number of workweeks. These calculations shall be based on Defendant's records. Defendant's records are presumed to be accurate.

47.     If a member of the Plaintiff Class does not wish to challenge the information set forth in the Claim Form, then the member need do nothing except complete and submit the Claim Form in

a timely fashion and as required by this Settlement Agreement, as directed in the Class Notice, and payment will be made based on Defendant's records.

48.     If a member of the Plaintiff Class wishes to challenge the information set forth in the Claim Form, then the member must submit with his or her Claim Form a written, signed challenge along with supporting documents, if any exist, to the Settlement Administrator at the address provided on the Claim Form within thirty (30) calendar days of the date the Claim Form was mailed to the member of the Plaintiff Class (or within ten (10) calendar days of the date the Claim Form was re-mailed, in the circumstance described above).

49.     No dispute will be considered timely if it is postmarked more than the number of days set forth in the preceding paragraph of this agreement. Absent an agreement between Class Counsel and Defendant's Counsel regarding how to address the dispute, the Settlement Administrator shall have authority to resolve the challenge and make a final and binding determination based on the records provided by the Plaintiff Class Member and/or Defendant, without hearing or right of appeal. Defendant agrees to provide the Settlement Administrator with additional documents reasonably available and necessary to assess the challenge. All disputes shall be resolved, either by agreement of Class Counsel and Defendant's Counsel or by decision of the Settlement Administrator as provided herein, prior to submitting the Settlement administrator's declaration to the Court for final approval.

50.     Settlement checks issued to the Class Representatives and Qualified Claimants shall remain valid for one hundred and twenty (120) calendar days from the date of issuance. This expiration or cancellation date shall be clearly printed on the front of the check ("Void Date"). If the Class Representatives or any Qualified Claimant do not cash his or her settlement payment check(s) before the Void Date, his or her settlement check(s) will be voided and a stop payment will be placed on it. Settlement checks can be reissued to Qualified Claimants upon request within this 120 date period but any reissued checks shall have the same Void Date as the original settlement check. Those Qualified Claimants who fail to cash their settlement checks will be deemed to have waived irrevocably any right in or claim to a settlement share but the Settlement Agreement shall remain binding upon them.

51.     The funds from any uncashed settlement checks which are voided on the Void Date shall be distributed to one or more Court approved *cy pres* organizations pursuant to California Code of Civil Procedure Section 384, except that the amounts of any uncashed settlement checks will be refunded to Defendant to the extent those payments exceed the 60% Floor. The Parties shall meet and confer and propose to the Court an appropriate *cy pres* organization for purposes of receiving funds from the voided checks.

<u>**RELEASES**</u>

52.     Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, all members of the Plaintiff Class who do not timely request exclusion fully release and discharge Defendant and Defendant's present and former parent companies, affiliated companies, subsidiaries, shareholders, officers, directors, employees, agents, attorneys, insurers, employee benefit plans, successors and assigns ("Releasees"), from any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that were actually alleged in the Complaint, as well as any wage and hour claims which could have been brought based on the factual allegations contained in the Complaint, including, but not limited to any claims under any California, Federal, or local law for unpaid wages, unpaid commissions, unpaid overtime, unpaid minimum wage, failure to pay for all hours worked, "off-the-clock" work, record-keeping violations, paycheck or wage statement violations, meal period and rest period violations, failure to properly and timely pay wages, including final wages upon termination, "waiting time" penalties, PAGA penalties, any other penalties, and any claims under the California Business & Professions Code, which arose between July 5, 2007 and the Effective Date, inclusive.

53.     In order to achieve a full and complete release of Releasees by the Settlement Class of all claims arising from or related to the Complaint, each member of the Settlement Class acknowledges that this Settlement Agreement is intended to include in its effect all claims that were asserted or reasonably could have been asserted in this action, including any so-related claims that

each member of the Settlement Class does not know or suspect to exist in his or her favor against Releasees. Consequently, with regard to claims that were brought or that relate to or reasonably could have arisen out of the specific facts alleged in the Complaint, the members of the Settlement Class also waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and do so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

54.     The Parties shall promptly submit this Settlement Agreement to the Court in support of Plaintiffs' Motion for Preliminary Approval for determination by the Court as to its fairness, adequacy, and reasonableness and apply for the entry of a preliminary Order substantially in the following form:

    a.      Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Plaintiff Class;

    b.      Approving the proposed Class Notice and Claim Form;

    c.      Preliminarily approving the Settlement; and

    d.      Preliminarily certifying the Plaintiff Class for purposes of settlement.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

55.     Following final approval by the Court of this Settlement Agreement, Class Counsel will submit a proposed final Order and judgment:

    a.      Approving the Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

    b.      Approving and awarding Class Counsel's fees and costs, the Settlement Administration Costs, and the Enhancement Award as set forth in the Settlement Agreement;

      c.      Dismissing the claims released in paragraphs 52-53 herein from the operative Complaint with prejudice as to the Representative Plaintiffs and Settlement Class Members.

## VOIDING THE SETTLEMENT AGREEMENT

56.     If the Court does not approve any material condition of this Settlement Agreement or effects a material change of the Parties' Settlement, with the exception of any changes to the Class Notice Package, the award of Class Counsels' fees/costs, and the award of enhancement payments, then the entire Settlement Agreement will be voidable and unenforceable at the option of either Party hereto.

57.     Either Party may void this Settlement Agreement as provided in the preceding Paragraph, by giving notice in writing to counsel for all other Parties and the Court at any time prior to final approval of the Settlement Agreement by the Court.

## PARTIES' AUTHORITY

58.     The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

59.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant's Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

60.     Defendant understands that in the course of applying for settlement approval, Plaintiffs will be required to submit sufficient evidence to support the fairness of the proposed settlement terms. Defendant affirmatively agrees to reasonably assist and support Plaintiffs in providing such evidence and, if requested by Plaintiffs, will provide declaration(s) or other admissible evidence reflecting class size, reasonably

available wage information, and reasonably available information regarding workweeks worked during the Settlement Period.

## NO ADMISSION OF LIABILITY

61.     Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expense. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. This Settlement Agreement is a settlement document and shall, pursuant to California Evidence Code Section 1152, be inadmissible as evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

## ENFORCEMENT OF THE SETTLEMENT AGREEMENT

62.     In the event that one or more of the Parties to this Settlement Agreement institutes any legal action, arbitration, or other proceeding against any other party or Parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## NOTICES

63.     Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent via United States registered or certified mail, return receipt requested, addressed as follows:

       To Plaintiffs:

           Scott Edward Cole, Esq.
           Hannah R. Salassi, Esq.
           SCOTT COLE & ASSOCIATES, APC
           1970 Broadway, Ninth Floor
           Oakland, California 94612

To Defendant:

> Gregory W. Knopp, Esq.
> Gary M. McLaughlin, Esq.
> AKIN, GUMP, STRAUSS, HAUER & FELD LLP
> 2029 Century Park East, Suite 2400
> Los Angeles, California 90067-3010
>
> Michael J. Veitenheimer
> Senior Vice President, Secretary and General Counsel
> 8000 Bent Branch Drive
> Irving, Texas 75063

## CONSTRUCTION AND INTERPRETATION

64.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

65.     Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

66.     This Agreement shall be subject to and governed by the laws of the State of California. The Parties acknowledge that they are subject to the continuing jurisdiction of the Court to enforce the terms of the Settlement contained herein.

## MODIFICATION

67.     This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.

## INTEGRATION CLAUSE

68.     This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous agreements,

understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, with respect to such matters are extinguished. No rights hereunder may be waived or modified except in a writing signed by all Parties.

## BINDING ON ASSIGNS

69.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

70.     It is agreed that it is impossible or impractical to have each member of the Plaintiff Class execute this Settlement Agreement. The Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if each member of the Plaintiff Class executed this Settlement Agreement.

## COUNTERPARTS

71.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Copies of the executed agreement shall be effective for all purposes as though the signatures contained therein were original signatures.

## NO PUBLICITY

72.     Plaintiffs and Class Counsel agree that they will not issue any press release or press statement regarding, or otherwise affirmatively publicize the terms of, this settlement or Settlement Agreement.

**IT IS SO AGREED,**

### CLASS REPRESENTATIVES:

DATED: 10/7/2012          , 2012

By: _Anita C. Ragano_
ANITA RAGANO
Class Representative

DATED: ___10/11/2012___, 2012

By: _Teri McDonald_____
DocuSigned by:

TERI MCDONALD
Class Representative

**DEFENDANT:**

DATED: _____, 2012          MICHAELS STORES, INC.

By: _____

Title: _____

*APPROVED AS TO FORM,*

**CLASS COUNSEL:**

DATED: _Oct. 11___, 2012          SCOTT COLE & ASSOCIATES, APC

By: _Hannah Salassi_____
Hannah R. Salassi, Esq.
Attorneys for Class Representatives

**COUNSEL FOR DEFENDANT:**

DATED: _____, 2012          AKIN GUMP STRAUSS HAUER &
FELD LLP

By: _____
Gary M. McLaughlin, Esq.
Attorneys for Defendant
MICHAELS STORES, INC.

DATED: _____, 2012

By: _____
TERI MCDONALD
Class Representative

**DEFENDANT:**

DATED: _October 10_, 2012

MICHAELS STORES, INC.

By: _____

Title: _Michael Veitenheimer, SVP & General Counsel_

*APPROVED AS TO FORM,*

**CLASS COUNSEL:**

DATED: _____, 2012

SCOTT COLE & ASSOCIATES, APC

By: _____
Hannah R. Salassi, Esq.
Attorneys for Class Representatives

**COUNSEL FOR DEFENDANT:**

DATED: _October 11_, 2012

AKIN GUMP STRAUSS HAUER &
FELD LLP

By: _____
Gary M. McLaughlin, Esq.
Attorneys for Defendant
MICHAELS STORES, INC.

- 20 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA C. RAGANO, TERI MCDONALD, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>MICHAELS STORES, INC., and DOES 1-100, inclusive,<br><br>     Defendants. | Case No. CV-11-3908 –CRB<br><br><br>**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT** |

**To:**  **All current and former non-exempt retail employees of Michaels Stores in California at any time from July 5, 2007 to _____[date of preliminary approval]:**

**PLEASE READ THIS NOTICE CAREFULLY**
**IT MAY AFFECT YOUR LEGAL RIGHTS**
**YOU MAY BE ENTITLED TO COMPENSATION FROM THIS SETTLEMENT**

### I.   INTRODUCTION

A proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") filed in the United States District Court, Northern District of California (the "Court"), has been reached by the parties and has been granted preliminary approval by the Court supervising the Action.

A final settlement hearing will be held on _____, 2012 at _____ **p.m.** to determine whether the Settlement should be granted final approval. Records of Michaels show that you were employed at a Michaels store in California, at some time during the period July 5, 2007 to _____ ("Class Period") and therefore are a Class Member in this Action ("Class Member").  As a Class Member, Michaels records indicate that you are entitled to compensation under the Settlement and the Settlement affects your legal rights, unless you "opt out" of the Settlement. The purpose of this Notice is to:  (1) describe the Action, (2) inform you of the terms of the Settlement, and (3) inform you of your rights and options in connection with the Settlement.

### II.   SUMMARY OF THE ACTION

Plaintiffs Anita C. Ragano and Teri McDonald ("Plaintiffs") allege in their Complaint that, during the applicable limitations period, Michaels, failed to provide proper meal and rest periods, required class members to work off-the-clock failed to pay all wages due, failed to pay overtime, failed to properly and timely pay all wages, including final wages upon Class members' terminations, failed to provide accurate itemized wage statements, and engaged in unfair competition.  Plaintiffs allege that these violations resulted in underpayment of wages to Class Members and seek to recover unpaid wages. Plaintiffs also seek penalties, interest, liquidated damages, injunctive and other equitable relief and reasonable attorneys' fees and costs related to these claims.  Plaintiffs seek to maintain a class action for their claims on behalf of  themselves and all persons who have been employed or are currently employed within the Class Period as a non-exempt retail employee at a Michaels store in California.

Michaels denies any liability or wrongdoing of any kind in connection with Plaintiffs' claims, and contends that class members are and were provided with proper meal and rest breaks as required by California law, that class members are and have been provided with itemized wage statements that comply with California law, that class members are and were properly compensated for all time worked and upon termination.  Consequently, Michaels does not believe that any liability to Plaintiffs or class members exists, or that Plaintiffs or class members are entitled to any recovery.

The Court granted preliminary approval of the Settlement on [*date of preliminary approval*] on behalf of a settlement class defined as:

    All persons who are and/or were employed as non-exempt retail employees by Michaels, at one or more
    Michaels retail store(s) in California, between July 5, 2007 and the date of preliminary approval.

At that time, the Court also preliminarily approved Plaintiffs Anita Ragano and Teri McDonald to serve as Class Representatives, and the law firm Scott Cole & Associates, APC to serve as Class Counsel.

The Court also scheduled a Final Approval Hearing on the Settlement at ____ p.m. on _____, 2012, in Courtroom __, United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA at which time the Court will decide whether to grant final approval of the Settlement.

## III.   SUMMARY OF SETTLEMENT TERMS

Settlement Amount.  Michaels has agreed to pay an amount not to exceed $2,000,000.00 (the "Maximum Settlement Amount") to fully resolve the claims in the Action.  This Maximum Settlement Amount includes, but is not limited to, all settlement payments to Qualified Claimants, Class Counsel's attorneys' fees and litigation expenses, all Claims Administration Expenses, and a Service Enhancement to the Class Representative, as outlined below.

Claims Administration and Other Payments.  The Court has tentatively approved certain payments to be made from the Maximum Settlement Amount as follows, which will be subject to final Court approval:

- Claims Administration. Payment to the Claims Administrator for the expense of notifying the Class Members of the Settlement, processing claims and opt-outs submitted by Class Members, and distributing settlement payments.

- Attorneys' Fees and Expenses.  Payment to Court-approved Class Counsel of reasonable attorney fees not to exceed 33 1/3% of the Gross Settlement Fund as reasonable compensation for the work Class Counsel performed in this Action, and will continue to perform through settlement finalization, together with reimbursement for litigation expenses actually incurred in connection with the Action.  Class Counsel has been prosecuting the Action on behalf of Plaintiffs and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- Service Enhancement to Plaintiffs Ragano and McDonald.  A Service Enhancement not to exceed $5,000 to Plaintiff Ragano and not to exceed $2,500 to Plaintiff McDonald to compensate them for services on behalf of the Class in initiating and prosecuting the action.  This payment is in addition to whatever payments Plaintiffs are otherwise entitled to as Class Members.

- Payment to the LWDA.   Payment to the California Labor & Workforce Development Agency (LWDA) of $5,625.00 for settlement of claims brought under the Private Attorney General Act ("PAGA").

Calculation of Class Member Awards. Each Qualified Claimant will be eligible to receive a gross (pre-tax) share of the Net Settlement Amount (*i.e.*, the Gross Settlement Amount, minus:  approved Class Counsel fees and litigation costs; all claims administration expenses, the Enhancement Award, Michaels employer payroll tax obligations, and payment to the LWDA.  The share distributed to each Qualified Claimant is referred to as the "Individual Settlement Share" and will be calculated as follows:

> 1.    The Net Settlement Amount will be divided by the total number of weeks worked by all Class Members.  The result of this calculation is known as the "Weekly Settlement Amount."

> 2.    To calculate the Individual Settlement Share for each Qualified Claimant, the Weekly Settlement Amount will be multiplied by the total number of workweeks that Qualified Claimant worked between July 5, 2007 and ___.

Minimum Payout.  Michaels agreed to distribute at least 60% of the Net Settlement Amount to Qualified Claimants.  If the minimum payout is not met due to the number of Claim Forms submitted, the Individual Settlement Shares will be increased based on settlement shares to meet the minimum.

Tax Withholding.  One-third of each individual settlement share is treated as wages that are subject to the normal payroll taxes and withholdings and W-2 reporting.  The remaining two-thirds will be treated as interest and penalties that are not subject to payroll taxes, but which are subject to IRS Form 1099 reporting.  Aside from any payroll taxes for which Michaels is responsible, which will be deducted from the Gross Settlement Amount, any and all tax obligations arising from any payments to Qualified Claimants will be the sole responsibility of the individual receiving such payment(s).

Releases.  Upon Final Approval of the Settlement, each Qualified Claimant and each member of the Class who has not

properly opted out of the settlement shall be deemed to have fully, finally, and forever released Settling Defendants, as that term is defined in the Stipulation of Settlement, from all Class Member Released Claims through the date of final approval (including the expiration of any time to appeal in the event an objection is filed, or if an appeal is filed then the date on which the appeal is final). Class Member Released Claims include all claims that were actually alleged in the Complaint, as well as any wage and hour claims which could have been brought based on the factual allegations contained in the Complaint, including, but not limited to any claims under any California, Federal, or local law for unpaid wages, unpaid commissions, unpaid overtime, unpaid minimum wage, failure to pay for all hours worked, "off-the-clock" work, record-keeping violations, paycheck or wage statement violations, meal period and rest period violations, failure to timely and properly pay final wages, "waiting time" penalties, PAGA penalties, any other penalties, and any claims under the California Business & Professions Code. Class Members shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had relating to the Class Member Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally and properly opt-out

<u>Conditions of Settlement.</u>  This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement.

## IV. RIGHT TO CLAIM COMPENSATION FROM THE SETTLEMENT

Class Members who want to receive compensation under the Settlement must completely fill out, sign and date the enclosed Claim Form and mail the completed form **postmarked by no later than _____** to the Claims Administrator at the following address:

Ragano v. Michaels Claims Administration Center<br>
Claims Administrator Name<br>
Address

**If you do not timely return the enclosed Claim Form, you will not be eligible to receive any portion of the settlement**. You may send the Claim Form to the Claims Administrator via United States mail.  If you choose to do so, you may also elect to send the Claim Form to the Claims Administrator via certified mail, and take care to retain the receipt for proof of mailing.

**Class Members who do not submit a timely Claim Form will still be bound by the Releases in the manner described above, unless they opt out pursuant to the provisions below.**

Your Claim Form states the number of weeks you worked during the Class Period.  If you believe that the number of weeks shown in the Claim Form is incorrect, you can dispute that information by submitting along with your Claim Form: (i) a written, signed statement describing your challenge to the weeks identified; and (ii) providing supporting documentation to support your challenge.

## V.   RIGHT TO OPT OUT

If you do not wish to participate in the Settlement of your claims, you may exclude yourself from the Settlement or "opt out."  **If you opt out, you will receive no compensation from the Settlement, and you will not be bound by its terms**. To opt out, you must submit a signed, written request to the Claims Administrator for Exclusion from the Settlement post marked no later than _____, 2012. Written requests for exclusion from the Settlement that are post-marked after the Claims Period, or are unsigned by the Class Member, will be rejected, and Class Members submitting untimely requests for exclusions shall be bound by the Settlement and its releases but will not be considered Qualified Claimants and will not receive settlement payments.  If you submit both a timely Claim Form and a request for exclusion, the Claim Form will control and you will be considered a Qualified Claimant (who has not opted out of the settlement), regardless of the date on either document or the date the documents are postmarked.

## VI.   RIGHT TO OBJECT

If you are a Class Member who has not opted out and believe that the Settlement should not be finally approved by the Court for any reason, you may object to the proposed Settlement.  Objections must be in writing, state the basis for any objection, and must be filed with the Court on or before _____, 2012.  At the same time, copies of objections must

also be mailed or delivered to Class Counsel and counsel for Michaels at the following addresses:

| Class Counsel: | Counsel for Michaels: |
|---|---|
| Scott Edward Cole, Esq. | Gregory Knopp, Esq. |
| Hannah R. Salassi, Esq. | Gary McLaughlin, Esq. |
| SCOTT COLE & ASSOCIATES, APC | Akin Gump Strauss Hauer & Feld, LLP |
| 1970 Broadway, Ninth Floor | 2029 Century Park East |
| Oakland, California 94612 | Suite 2400 |
| (510) 891-9800 | Los Angeles, CA 90067-3010 |
| (510) 891-7030 FAX | (310) 229-1000 |
| | (310) 229-1001 FAX |

If you wish to object and have the objection considered by the Court, you may also appear at the Final Approval Hearing scheduled for _____, 2012 at _____.m., in Courtroom __, United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California. You have the right to appear either in person or through your own attorney at this hearing. Objections not previously filed in writing in a timely manner as described above will not be considered by the Court. Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties, above, on or before _____, 2012. All objections or other correspondence must state the name and number of the case, which is *Ragano v. Michaels Stores, Inc.* United States District Court, Northern District of California, Case No. CV-11-3908-CRB. If you object to the Settlement, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

## VII.  HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement will be held at _____ _.m. on _____, 2012 in Courtroom __, United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California.

The Hearing may be continued without further notice. **Unless you file an objection, you are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

## VIII.  ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. Class Members should contact the Claims Administrator with any concerns or questions regarding the Settlement. You may also refer to the pleadings, the Stipulation of Settlement, and other papers filed in the Action, which may be inspected at the Office of the Clerk for the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California during regular business hours of each court day.

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH QUESTIONS.**

# EXHIBIT B

*Ragano v. Michaels*

United States District Court, Northern District of California, Case No. CV-11-3908-CRB

## CLAIM FORM

| Claim #:<br>Name<br>c/o<br>Address<br>City, State, Zip<br>(          ) | Name/Address Changes, if any |
|---|---|
| Area Code    Home Telephone Number | |

*In order to receive your portion of the settlement funds you must complete all requested information, sign, date and return this form, postmarked no later than _____, 2012 addressed to:*

*Ragano v. Michaels* Claims Administration Center
<<Claims Administrator>>
<<Address>>
<<Phone>>

**IF YOU DO NOT RETURN THIS FORM POSTMARKED BY _____, 2012, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY PORTION OF THE SETTLEMENT FUNDS.**

**I.     EMPLOYMENT INFORMATION.**

Michaels' records indicate that you worked at Michaels from_____ to _____, and a total of _____weeks during this timeframe.  Based on those numbers, your **estimated\*** settlement share is $____.

**II.    DISPUTING EMPLOYMENT INFORMATION.**

*Please Check One:*

☐     I don't dispute the dates employed or the number of weeks worked during the timeframe(s) indicated above.

☐     I dispute the dates of employment and/or the number of workweeks listed.  My correct dates and/or the number of weeks worked are listed below. I am including documentary evidence, and recognize my claim will not reviewed without documentation.

_____

_____

It is your responsibility to keep a current address on file with the Claims Administrator.  Please make sure to notify the Claims Administrator of any change of address.

Please Note:  All Settlement Awards are subject to tax and will be reported to the IRS and state tax authorities.  You will receive IRS form 1099-MISC covering your settlement award.

### CERTIFICATION OF ELIGIBILITY

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I worked for Michaels as a non-exempt retail employee during the time period July 5, 2007 to _____, 2012.**

Dated: _____, 2012                    _____
                                                                                    Signature

**\*Please note this share amount is an <u>estimate only</u> and will change if the estimated fees and costs are higher or lower than estimated or if less than 60% of the Net Settlement Fund is claimed (as described in the notice).**