Scott Edward Cole, Esq. (S.B. # 160744)
Hannah R. Salassi, Esq. (S.B. # 230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANITA C. RAGANO, TERI MCDONALD individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAELS STORES, INC. and DOES 1 through 100, inclusive,<br><br>Defendants<br>Defendants. | Case No. CV-11-3908 CRB<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>Date:    April 12, 2013<br>Time:    10:00 a.m.<br>Dept.:    Courtroom 6 - 17th Floor<br>Judge:    Honorable Charles Breyer |

This matter, having come before the Court on April 12, 2013, for a hearing on plaintiffs Anita Ragano's and Teri McDonald's ("Plaintiffs") Motion for an Order: (1) Granting Final Approval of Class Action Settlement Agreement; (2) Awarding Attorneys' Fees and Costs to Class Counsel; (3) Approving Enhancement Award to the Class Representative; and (4) Awarding Reimbursement for Claims Administration Fees and Costs, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. All terms used herein shall have the same meaning as defined in the Michaels Stores, Inc. "Wage and Hour" Class Action Settlement Agreement and Release of Claims ("Settlement") submitted to the Court on October 12, 2012 (Docket No. 52), unless otherwise noted herein.

2. Consistent with the definitions provided in the Settlement, the term "Plaintiff Class" refers to all current and former non-exempt Michaels employees working at any Michaels store in California from the date four years prior to the commencement of the lawsuit, July 5, 2007, until the date of preliminary approval of the settlement. The Plaintiff Class also includes those current and former non-exempt Michaels' employees working at the "Moskatel's" store from the date four years prior to the commencement of the lawsuit, July 5, 2007, until the date of preliminary approval of the settlement. The term "Settlement Class" refers to all members of the Plaintiff Class who do not request exclusion from the Settlement.

3. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Settlement Class members.

4. In accordance with the Settlement and this Court's Preliminary Approval Order (Docket No. 54), distribution of the Class Notice Package directed to the Plaintiff Class members has been completed, including the individual notice to all Plaintiff Class members who could be identified through reasonable effort. It is hereby determined that the notice to Plaintiff Class members, as disseminated thereto in accordance with the provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances. Due and adequate notice of the pendency of this action and of this Settlement has been provided to the Plaintiff Class, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

5. The Court hereby approves the settlement terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and further finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23 of the Federal Rules of Civil Procedure. The Court also finds that the

1  Plaintiff Class is properly certified as a class for settlement purposes only. The parties to the
2  Settlement are hereby directed to effectuate the Settlement according to its terms.

3        6.     All Settlement Class members are bound by this Final Approval Order and Judgment
4  and by the Settlement embodied therein, including the releases provided for in the Settlement and
5  this Final Approval Order and Judgment. As of the Effective Date of Settlement, by operation of the
6  entry of this Final Approval Order and Judgment, each member of the Settlement Class, including
7  Plaintiffs, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest
8  extent permitted by law, all Released Claims that he or she may have against the Releasees.

9        7.     "Releasees" means Defendant and Defendant's present and former parent companies,
10  subsidiaries, and related and affiliated entities, as well as their respective shareholders, employees,
11  officers, directors, attorneys, insurers, successors, and assigns.

12        8.     "Released Claims" means any and all individual and class claims, debts, liabilities,
13  demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or
14  causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that
15  were actually alleged in the Complaint, as well as any wage and hour claims could have been
16  brought based on the factual allegations contained in the Complaint, including, but not limited to any
17  claims under any California, Federal or local law for unpaid wages, unpaid commissions, unpaid
18  overtime, unpaid minimum wage, failure to pay for all hours worked, "off-the-clock" work, record-
19  keeping violations, paycheck or wage statement violations, meal period and rest period violations,
20  failure to properly and timely pay wages, including final wages upon termination, "waiting time"
21  penalties, PAGA penalties, any other penalties, and any claims under the California business &
22  Professions Code, which arose between July 5, 2007 and the Effective Date, inclusive. The
23  Settlement Class and Plaintiffs also expressly waive all rights and benefits afforded by section 1542
24  of the California Civil Code, and do so understanding the significance of that waiver. Section 1542
25  provides:

26       A general release does not extend to claims which the creditor does not know or suspect to
27       exist in his or her favor at the time of executing the release, which if known by him or her
      must have materially affected his or her settlement with the debtor.
28

9.      Neither this Settlement nor this Final Approval Order and Judgment is an admission of liability, fault, or wrongdoing by Defendant, or any of the Releasees, nor a finding of the validity of any claims in the Action or any violation of law. Neither this Final Approval Order and Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission or concession by or against Defendant, or any of the Releasees, of any fault, wrongdoing, or liability whatsoever. Neither this Final Approval Order and Judgment, any term or provision of the Settlement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the Settlement; however, Defendant or any Releasee may use the Settlement and/or any related document, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, accord and satisfaction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.     The Court hereby finds the Settlement Payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

11.     The Court hereby confirms Scott Cole & Associates, APC as Class Counsel in this action.

**IT IS FURTHER ORDERED THAT:**

12.     The Court hereby finds that Class Counsel have adequately represented the interests of the Plaintiff Class at all times in this action. An award of attorneys' fees in the amount of $470,590.72[1] is hereby approved and awarded to Class Counsel, to be paid directly by Defendant, as provided for in the Settlement. The Court finds that the amount of this award is supported by both the application of the percentage fee and the lodestar-plus-multiplier methods for awarding

---

[1] The attorney fee award is 25% of the Net Settlement, which was calculated as follows: $2,000,000 (Gross Settlement) - $95,100 (Claims Administration Fees) - $7,500 (Enhancement Awards) - $15,037.13 (litigation costs) = $1,882,362.87.

1  reasonable attorneys' fees plus costs. The Court further finds that Class Counsel's hourly rates were
2  reasonable for the work that they performed.

3      13.    In the course of this litigation, Class Counsel incurred costs totaling $15,037.73 (as of
4  January 28, 2013) and will incur further costs in the future. Such costs are appropriate for
5  reimbursement in these types of cases. As such, the actual costs incurred by Class Counsel in this
6  litigation are appropriate for reimbursement and shall be paid pursuant to the Settlement.

7  **IT IS FURTHER ORDERED THAT:**

8      14.    The Court finds that Plaintiff Anita Ragano has contributed to the resolution of this
9  case and has fairly and adequately represented and protected the interests of the Plaintiff Class.

10      15.    The Court finds the Enhancement Award to be fair and reasonable compensation
11  based upon the evidence presented regarding the services provided and the risks incurred by Plaintiff
12  in assisting Class Counsel in this matter. Representative Plaintiff Anita Ragano shall receive an
13  Enhancement Award in the amount of $5,000, to be paid pursuant to the Settlement.

14      16.    The Court finds that Plaintiff Teri McDonald has contributed to the resolution of this
15  case and has fairly and adequately represented and protected the interests of the Plaintiff Class.

16      17.    The Court finds the Enhancement Award to be fair and reasonable compensation
17  based upon the evidence presented regarding the services provided and the risks incurred by Plaintiff
18  in assisting Class Counsel in this matter. Representative Plaintiff Teri McDonald shall receive an
19  Enhancement Award in the amount of $2,500, to be paid pursuant to the Settlement.

20  **IT IS FURTHER ORDERED THAT:**

21      18.    The Court finds that the services provided by the Settlement Administrator, were for
22  the benefit of the Plaintiff Class, and the cost range of $89,500.00 to $95,100.00 is fair, reasonable,
23  and appropriate for reimbursement, pursuant to the terms of the Settlement. The Court approves
24  payment to Kurtzman Carson Consultants LLC for administration fees, which includes all costs and
25  fees incurred to date, as well as estimated costs and fees involved in completing the administration of
26  the Settlement.

27  **IT IS FURTHER ORDERED THAT:**
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

19. With the exception of the named class representatives, neither the Settlement Agreement, nor any matter contained therein, shall in any way release, impair, or otherwise affect:

    (a) Any claim that any past or present Store Manager has, or may have, but only claims which arose during the limited time period that person served as a Store Manager and only as to such claims directly arising from and relating to his or her employment as a Store Manager; and

    (b) Any claim under California Labor Code Section 203 that any past Store Manager has, but only for those Store Managers who were classified as exempt Store Managers at the time of conclusion of his or her employment by Michaels (regardless of whether correctly so classified), and only based on underlying wages allegedly earned and not paid while the person was employed as Store Manager.

All such claims encompassed by (a) and (b) are hereby expressly preserved, and shall not be affected by the Settlement Agreement and no party to the Settlement Agreement shall make a contrary assertion in any court at any time.

20. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant and Settlement Class members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefit of the parties.

21. Judgment will be entered in accordance with the findings and orders made herein. For all of the reasons set forth above, Plaintiffs' Motion for Final Approval of Class Action Settlement is hereby **GRANTED**. This action is dismissed in its entirety, on the merits, with prejudice, and without leave to amend, and Plaintiffs and Settlement Class members are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.

22. Under Rules 23, 54, and 58 of the Federal Rules of Civil Procedure, the Court, in the interests of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Order, and hereby decrees that, upon its entry, it be deemed a final judgment.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**Approved as to Form and Substance:**

COUNSEL FOR DEFENDANT:

DATED: April ____, 2013                AKIN GUMP STRAUSS HAUER & FELD LLP

                                       By: _____
                                       Gary M. McLaughlin, Esq.
                                       Attorneys for Defendant
                                       MICHAELS STORES, INC.

COUNSEL FOR OBJECTORS:

DATED: April ____, 2013                LAW OFFICES OF DAVID J. GALLO

                                       By: _____
                                       David J. Gallo, Esq.
                                       Attorney for Objectors

**IT IS SO ORDERED.**

Dated: April 18, 2013                  By: _____
                                       The Honorable Charles R. Breyer
                                       United States District Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED / Judge Charles R. Breyer]*

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800